**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

THE BANK OF NEW YORK MELLON )
F/K/A THE BANK OF NEW YORK, AS )
TRUSTEE (CWABs 2006-SD2 ) )
      Plaintiff, )
       )
      v. )    C.A. No. N16L-08-119 ALR
       )
JEFFRY S. PEARSON )
THE UNITED STATES OF AMERICA )
      Defendant. )

Submitted: November 21, 2017
Decided: December 19, 2017

***Upon Plaintiff's Motion for Summary Judgment***
**GRANTED**

## ORDER

This is a mortgage foreclosure case. Upon consideration of the Motion for Summary Judgment filed by Plaintiff The Bank of New York Mellon ("Plaintiff"); the Superior Court Civil Rules; the facts, arguments, and authorities set forth by the parties; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. On October 25, 2005, Defendant Jeffry Pearson ("Defendant") executed a mortgage ("Mortgage") on property located at 806 North Madison Street, Wilmington, Delaware 19801 ("Property") to Best Rate Funding Corp. ("Best Rate"). The Mortgage defines Defendant as the "Borrower" and Best Rate as the

"Lender."[1]  The Mortgage defines "Note" as "the promissory note signed by Borrower and dated October 25, 2005.  The Note states that Borrower owes Lender NINETY-SEVEN THOUSAND FIVE HUNDRED AND 00/100 Dollars [$97,500.00]."[2]

2.     Best Rate subsequently assigned its entire interest in the Mortgage to The Bank of New York, as Trustee for benefits of The Note Holders CWABS, Inc. Asset-Backed Notes, Series 2006-SDR, which in turn assigned its interest to Plaintiff.[3]

3.     Defendant failed to pay monthly installments on the Mortgage as they came due.

4.     Plaintiff filed a *Scire Facias Sur* mortgage foreclosure complaint on August 21, 2016, seeking the principal sum remaining on the Mortgage ($95,172.39), in addition to interest, late charges, and legal fees.  Defendant answered the complaint on March 22, 2017.  A Final Mediation Record was filed on May 18, 2017, indicating that Defendant failed to appear and that the foreclosure action could proceed.

---

[1] Pl.'s Compl., Aug. 21, 2016, Ex. A., at 2.
[2] *Id.*
[3] *See id.* at 23-28.

2

5. A *scire facias sur* mortgage action "is an *in rem* proceeding used to foreclose on a mortgage."[4] It is well-settled in Delaware that there are a limited number of defenses available in a mortgage foreclosure action.[5] In *Shrewsbury*, the Delaware Supreme Court reiterated that the "only defenses available in a mortgage foreclosure action [are] payment of the 'mortgage money,' satisfaction or a plea in avoidance of the mortgage."[6] A plea in avoidance challenges the validity of "the original mortgage sued upon."[7] Pleas in avoidance include "an act of God, assignment of cause of action, conditional liability, discharge, duress, exception or proviso of statute, forfeiture, fraud, illegality of transaction, nonperformance of condition, precedent, ratification, unjust enrichment, and waiver."[8]

6. Defendant did not plead any of the limited defenses available in a mortgage foreclosure action in his answer.

7. However, Defendant did raise various other affirmative defenses, including lack of personal jurisdiction for Plaintiff's failure to effect service of the complaint within 120 days, as required by Superior Court Civil Rule 4(j) ("Rule 4(j)"). By Order dated August 23, 2017, this Court granted Plaintiff's Motion for

---

[4] *JPMorgan Chase Bank v. Hopkins*, 2013 WL 5200520, at *2 (Del. Super. Sept. 12, 2013).
[5] *See Shrewsbury v. The Bank of New York Mellon*, 160 A.3d 471, 475 (Del. 2017).
[6] *Id.*
[7] *LaSalle Nat'l Bank v. Ingram*, 2005 WL 1284049, at *1 (Del. Super. May 19, 2005).
[8] *Shrewsbury*, 160 A.3d at 475 (quoting *Gordy*, 310 A.2d at 895-96).

3

Enlargement of Time for Service of Complaint, finding that Plaintiff demonstrated good cause Rule 4(j) to excuse the untimely service. The Court extended the time to serve until January 17, 2017, the date on which service had been accomplished.

8.     Plaintiff subsequently filed its motion for summary judgment on November 6, 2017. Defendant opposes Plaintiff's motion.

9.     The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[9]  The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[10]  At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[11]

10.     Defendant claims that there are several disputes of material fact that preclude summary judgment in this case. Specifically, Defendant claims:

> [T]here is a dispute of fact regarding [P]laintiff's standing to bring this action; a dispute of fact regarding the extent of [P]laintiff's interest in the property; a dispute of fact regarding the execution of purported assignments; a dispute of fact regarding the claimed attorney fees and other costs; and a dispute of fact as to whether [P]laintiff's action was

---

[9] Super. Ct. Civ. R. 56.
[10] *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979).
[11] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

instituted within the statute of limitations provided under 11 Del.Code Section 8101[*sic*],[12] *et seq.*[13]

11. However, Defendant merely denies Plaintiff's recitation of the facts without providing any support for his positions.[14] According to the Delaware Supreme Court, "A party opposing a motion for summary judgment must come forward with admissible evidence showing the existence of a genuine issue of fact. Mere denials in [] pleadings . . . are insufficient under Rule 56 to oppose a motion for summary judgment."[15] As a result, Defendant fails to establish that there are material facts in dispute.

---

[12] Defendant cites 11 *Del. C.* § 8101 for the statute of limitations applicable to this action. However, 11 *Del. C.* § 8101 actually addresses the policy of the State of Delaware on law enforcement agencies using technology and interjursdictional information to deter and solve gun crimes.

[13] Answer of Def. Jeffry Pearson to Pl.'s Mot. for Summ. J., Nov. 21, 2017, ¶ 15.

[14] For example, Plaintiff states that it provided a Notice of Intent to Foreclose to Defendant via certified and first class mail. Plaintiff submitted the certified mail receipt signed by Defendant in support. *See* Pl.'s Mot. for Summ. J., Ex. B, at 19. In response, Defendant merely denies that he received notice and that Plaintiff attached a signed certified mail receipt without providing any support for his denial. *See* Answer of Def. Jeffry Pearson to Pl.'s Mot. for Summ. J., Nov. 21, 2017, ¶ 7. Similarly, Plaintiff states that, although Defendant initially had only a 50% interest in the Property, he later took title to the entire Property by virtue of a quitclaim deed that transferred his wife's interest to him. In support, Plaintiff attaches the quitclaim deed. *See* Pl.'s Mot. for Summ. J., Ex. C. In response, Defendant again simply denies that the mortgage extends to the entire Property, but fails to provide any factual or legal support for this denial. *See* Answer of Def. Jeffry Pearson to Pl.'s Mot. for Summ. J., Nov. 21, 2017, ¶ 8.

[15] *Kennedy v. Giannone*, 527 A.2d 732 (Del. 1987).

12.     As a result, it is undisputed that Plaintiff has standing to bring this mortgage foreclosure action.  Plaintiff is a valid assignee of the Mortgage.[16]  Under *Shrewsbury* Plaintiff must also "be a party entitled to enforce the obligation … which the mortgage secures in order to foreclose on the mortgage."[17] In other words, Plaintiff must be entitled to enforce the underlying Note in order to foreclose on the Mortgage.  The Note in this case has an allonge to Countrywide Bank, N.A., an endorsement to Countrywide Home Loans, Inc., and a blank endorsement.[18] Pursuant to the blank endorsement, Plaintiff is entitled to enforce the Note as a holder of the Note.[19]

13.     In addition, Defendant failed to raise any of the limited defenses available in a mortgage foreclosure action.[20]

14.     As a result, Plaintiff is entitled to summary judgment.  Defendant does not dispute that he is in default of the Mortgage and did not plead any of the available defenses.  In addition, Defendant failed to establish that there are any material facts in dispute.  Plaintiff is the valid assignee of the Mortgage and is entitled to enforce

---

[16] *See* Pl.'s Compl., Aug. 21, 2016, Ex. A., at 23-28.  Defendant claims that Plaintiff did not receive a valid assignment of the Mortgage because the assignments were "robosigned documents."  However, Defendant does not explain this terminology or provide any support to suggest that the signatures on the assignments are invalid.

[17] *Id.* at 477.

[18] *See* Pl.'s Mot. for Summ. J., Ex. D, at 6.

[19] *See* 6 *Del. C.* § 3-301; 6 *Del. C.* § 3-205.

[20] *See Shrewsbury*, 160 A.3d at 475.

the underlying Note.  As a result, Plaintiff's motion for summary judgment must be granted.

**NOW, THEREFORE, this 19th day of December, 2017, Plaintiff's Motion for Summary Judgment is hereby GRANTED and JUDGMENT is entered in favor of Plaintiff The Bank of New York Mellon and against Defendant.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**