# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-80CB, Mortgage Pass Through Certificates, Series 2005-80CB, | ) ) ) ) ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | C.A. No. N18L-01-064 CLS |
| Pat Tang, | ) ) | |
| Defendant. | ) | |

Date Submitted: January 15, 2019
Date Decided: March 8, 2019

On Plaintiff's The Bank of New York Mellon Motion for Summary Judgment.
**GRANTED.**

## <u>ORDER</u>

Melanie J. Thompson, Esquire, Orlans PC, 4250 Lancaster Pike, Wilmington, Delaware 19805.  Attorney for Plaintiff.

Pat Tang, 6 Bayard Lane, Newark, Delaware 19702. Defendant.

**Scott, J.**

## Background

This is a foreclosure action brought by The Bank of New York Mellon, (The Bank) assignee to the mortgage and the note, executed by Defendant on November 23, 2005, for the real property located at 6 Bayard Lane, Newark, Delaware. The Bank filed a *scire facias sur* mortgage complaint against the Defendant on January 17, 2018. Defendant's answer was filed on February 13, 2018.

The Bank filed this Motion for Summary Judgment on November 20, 2018. The Bank states they are the holder of the original Note and assignee to the mortgage and therefore entitled to bring this foreclosure action. The Bank argues Defendant has not pleaded any allowable defenses and there are no material issues of fact, therefore Summary Judgment is appropriate.

In the Answer and Opposition to this Motion, Defendant takes the position that The Bank lacks standing. Defendant argues The Bank is not in possession of the original Note, or is not a proper holder of the Note, and therefore not entitled to enforce the Note. Defendant raises two issues why Summary Judgment is inappropriate; (1) The Bank's use of the word "assignment" when the Note uses the word "transfer" invalidates the Banks ability to enforce the Note, and (2) Any transfer of the Mortgage and the Note is invalid because evidence presented in courts of other jurisdictions has shown Mortgage Electronic Registration System, Inc. (MERS) does not transfer promissory notes.

## Standard of Review

The Court may grant Summary Judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to Summary Judgment as a matter of law."[1] The moving party bears the initial burden of showing that no material issues of fact are present.[2] Once such a showing is made, the burden shifts to the non-moving party to demonstrate that there are material issues of fact in dispute.[3] In considering a Motion for Summary Judgment, the Court must view the record in a light most favorable to the non-moving party.[4] The Court will not grant Summary Judgment if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law.[5]

## Discussion

In order to foreclose on a mortgage, a mortgage holder must be a party entitled to enforce the underlying debt, the Note, which the mortgage secures.[6] Delaware case law continues to recognize that the only defenses available in a mortgage foreclosure action are payment of the "mortgage money", satisfaction or a plea in

---

[1] Super. Ct. Civ. R. 56(c); *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).
[2] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[3] *Id.* at 681.
[4] *Burkhart*, 602 A.2d at 59.
[5] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *Phillip-Postle v. BJ Prods., Inc.*, 2006 WL 1720073, at *1 (Del. Super. Ct. Apr. 26, 2006).
[6] *Shrewsbury v. The Bank of New York Mellon*, 160 A.3d 471, 477 (Del. 2017).

avoidance of the mortgage.[7] Examples of pleas of avoidance are "act of God, assignment of cause of action, conditional liability, discharge, duress, exception or proviso of statute, forfeiture, fraud, illegality of transaction, nonperformance of condition precedent, ratification, unjust enrichment and waiver."[8]

Defendant's first objection is not one of these recognized defenses, and is without merit. Terms that are not defined in a statute or in a contract must be given their ordinary, common meaning.[9] Assignment is the transfer of rights or property.[10] When an instrument, such as a note, is indorsed in blank, the instrument becomes payable to the bearer and may be negotiated by transfer of possession alone.[11] The holder of a note can freely transfer the note through negotiation to another party, and the receiving party then has the right to enforce the note. Similarly, under Delaware law the assignment of a mortgage […] attested by 1 creditable witness shall be valid and effectual to convey all the right and interests of the assignor.[12] Furthermore, the principals of contract law dictate when the debtor is not a party to a transfer, nor a third party beneficiary, nor show it sustained some type of legal harm as a result of the transfer, they do not have standing to challenge the transfer or enforcement of

---

[7] *Id.*

[8] *Id.*

[9] See *Dewey Beach Enterprises, Inc. v. Bd. of Adjustment of Town of Dewey Beach*, 1 A.3d 305, 307 (Del. 2010).

[10] ASSIGNMENT, Black's Law Dictionary (10th ed. 2014).

[11] 6 *Del. C.* § 3-205.

[12] 25 *Del. C.* § 2109

4

the note.[13] Contrary to Defendant's claim, the assignment of the Note, as opposed to a "transfer" does not affect Plaintiff's legal ability to foreclose on the Mortgage.[14]

Moving to Defendant's second argument regarding the assignment by MERS, Delaware Courts show little appetite for invalidating mortgage assignments merely because they were assigned by MERS.[15] The mortgage agreement states "Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the […] property […] with the address 6 Bayard Lane, Newark, Delaware."[16] The Mortgage further indicates "[t]he Note or a partial interest in the Note (together with the mortgage) can be sold one or more times without prior notice to Borrower."[17] Defendant's position that "numerous landmark cases across the nation" have determined that notes are not transferred by MERS does not raise a genuine issue of fact in this case.

## Conclusion

Defendant does not raise a plea in avoidance which would invalidate The Bank's right to enforce the Note, and to bring this action. The Note is indorsed in

---

[13] *Toelle v. Greenpoint Mortgage Funding, Inc.*, 2015 WL 5158276, at *3 (Del. Super. Ct. 2015).

[14] *Shrewsbury*, at 478 (Del. 2017).

[15] *Toelle*, at *5 (Del. Super. Ct. 2015) (citing *Branch Banking and Trust Co. v. Eid*, 2013 WL 3353846, *3 (Del.Super. Ct. 2013).

[16] Pl. Ex A at 3, 4.

[17] Pl. Ex. A at 15.

blank, therefore as bearer, The Bank is entitled to enforce it. The Bank is the holder of the Mortgage, and the Note which the Mortgage secures. Defendant has failed to show cause why the mortgaged premises ought not to be seized and taken in execution for payment of the Note. Therefore, Plaintiff's Motion for Summary Judgment is **Granted**.

      **IT IS SO ORDERED.**

/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**

6