VAUGHN, Justice,
for the Majority:
This is a mortgage foreclosure action brought by Appellee The Bank of New York Mellon, f/k/a The Bank of New York (“The Bank”) against Appellants J.M. *473 Shrewsbury and Kathy Shrewsbury. The Bank is not the original mortgagee. It received the Shrewsbury mortgage by an assignment from the original mortgagee. The Shrewsburys filed an answer to the complaint asserting that the note representing the debt secured by the mortgage had not been assigned to The Bank. They further asserted that since the note had not been ássigned to The Bank, it did not have the right to enforce the underlying debt and, therefore, did not have the right to foreclose on the mortgage. The Superior Court rejected the Shrewsburys’ argument and granted summary judgment to The Bank. The narrow question presented on appeal is whether a party holding a mortgage must have the right to enforce the obligation secured by the mortgage in order to conduct a foreclosure proceeding. For the reasons which follow, we hold that a mortgage assignee must be entitled to enforce the underlying obligation which the mortgage secures in order to foreclose on the mortgage.
FACTS AND PROCEDURAL HISTORY
On May 15, 2007 J.M. Shrewsbury signed a promissory note in favor of Countrywide Home Loans, Inc. in the amount of $653,553.26. At the same time, J.M. Shrewsbury and Kathy Shrewsbury granted a mortgage to secure the debt upon property they owned at 9 Barnesdale Drive, Middletown, Delaware. The mortgagee was Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Countrywide Home Loans.
On June 6, 2011, Mortgage Electronic Registration Systems, Inc. assigned the mortgage to The Bank as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass Through Trust 2007-9, Mortgage Pass-Through Certificates, Series 2007-9.
On or about July 1, 2010, the Shrews-burys stopped making payments on the mortgage. It is undisputed that the Shrewsburys have not made payments on the mortgage since then, or at least that no payments have been made for a substantial period of time.
The Bank commenced this mortgage foreclosure on March 20, 2015. As mentioned, the Shrewsburys filed an answer in which they asserted as a defense that the bank must show that it held the note, as well as the mortgage, in order to foreclose on the mortgage. After statutorily required mediation efforts proved unsuccessful, The Bank filed a motion for summary judgment. In their response to the motion, the Shrewsburys repeated their argument that The Bank must show that it held the note as well as the mortgage in order to conduct the foreclosure action. Attached to their response to the motion was an affidavit of Mr. Shrewsbury stating that in 2013 he requested and received a copy of the note from Residential Credit Solutions, Inc., the company servicing the loan. The note provided to Mr. Shrewsbury was a copy of the original note given to Countrywide Home Loans, Inc. with no notation or indication of any assignment.
In support of the motion, The Bank argued that the Shrewsburys had not pled an allowable defense. Relying upon the case of Wells Fargo Bank, N.A. v. Nickel and other Delaware precedents, The Bank argued that the limited, allowable defenses in a mortgage foreclosure action were payment, satisfaction or a plea in avoidance of the mortgage, and that a plea in avoidance “must relate to the mortgage sued upon, i.e. must relate to the validity or illegality of the mortgage documents.”[1] The defense *474 pled by the Shrewsburys, The Bank contended, did not satisfy that criteria.
The Superior Court rejected the Shrewsburys’ argument, reasoning that The Bank need only show that it had a valid assignment of the mortgage, and that as a valid assignee of the mortgage, The Bank was the proper party to enforce the note. It appears that in the proceedings in the Superior Court The Bank did not produce the note, claim to be the holder of the note, or claim to be entitled to enforce the note.[2]
DISCUSSION
“This Court reviews de novo the Superior Court’s grant or denial of summary judgment 'to determine whether, viewing the facts in the light most favorable to the nonmoving party, the moving party has demonstrated that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law.’ ”[3]
On appeal, The Bank contends that it has been consistently held under Delaware law that a mortgagee’s right to foreclose emanates from the mortgage, not the note.[4] Ownership of the related promissory note, which confers separate rights and remedies to its holder, it contends, is irrelevant to a mortgage holder’s right to foreclose on the mortgage. It relies upon well-established authorities in this State which hold that a mortgage foreclosure action is an action based on a record, the record being the mortgage, with limited available defenses.[5]
Subject to statutory requirements not relevant here, the statute governing the commencement of a mortgage foreclosure proceeding provides, in pertinent part;
[Ujpon breach of the condition of the mortgage ... by nonpayment of the mortgage money ... the mortgagee ... or [the mortgagee’s] assigns may ... sue out of the Superior Court ... a writ of scire facias ... commanding the sher *475 iff to make known to the mortgagor ... that the mortgagor ... appear before the Court to show cause ... why the mortgaged premises ought not to be seized and taken in execution for payment of the mortgage money.[6]
The term “mortgage money” in the statute is a synonym for the note (debt) that is secured by the mortgage.
A complaint on a sci fa sur mortgage puts the existence of the mortgage debt in issue and orders the mortgagor to show cause why the mortgaged premises should not be taken in execution and sold to satisfy the debt. See 2 Woolley § 1358, at 918-19; id. § 1371; Skelly, 38 B.R. [1000,]at 1002 n 4 [ (D. Del. 1984) ]; 10 Del. C. § 5061. The sci fa proceeding may appear simple, because the facts are usually undisputed, but it is mortgagor’s chance to litigate the existence of the debt and present any defenses. See Gordy v. Preform Building Components, Inc., 310 A.2d 893, 895-96 (Del. Super. 1973).[7]
Until 1953, a Delaware statute defined the defenses that were available in a mortgage foreclosure proceeding.[8] The statute read as follows:
The defendant in a scire facias on a mortgage, may plead satisfaction, or payment, of all, or any part of the mortgage money, or any other lawful plea in avoidance of the deed as the case may require.[9]
The statute was omitted from the code in 1953, but thereafter case law continued to recognize that the only defenses available in a mortgage foreclosure action were payment of the “mortgage money”, satisfaction or a plea in avoidance of the mortgage.[10] The phrase “plea in avoidance” has sometimes been described as referring to a plea relating “to the validity or illegality or the mortgage documents,” as reflected in the quotation set forth above from Wells Fargo Bank, N.A. v. Nickel set forth above,[11] but a more apposite description of “plea in avoidance” appears in Gordy v. Preform Building Components, Inc., where the phrase is described as referring to the common law plea known as confession and avoidance.[12] “Such plea admits the allegations of the complaint but asserts matter which destroys the effect of the allegations and defeats the plaintiffs right.”[13] “[T]he allegation ⅛ avoidance’ must relate to the subject matter of the complaint.”[14] Examples of pleas in confession and avoidance are “act of God, assignment of caúse of action, conditional liability, discharge, duress, exception or proviso of statute, forfeiture, fraud, illegality of transaction, nonperformance of condition precedent, ratification, unjust enrichment and waiver.”[15] We consider the question presented in the framework of these well-established principles.
It has long been recognized in this State that “a mortgage is merely security for a debt, or for the performance of *476 some other obligation.”[16] The Delaware statute characterizes that debt as “mortgage money.” A mortgage does not create a debt or obligation, it merely secures one. It has also long been recognized that an underlying debt or obligation is essential to a mortgage’s enforceability. In Iowa-Wisconsin Bridge Co. v. Phoenix Finance Corporation, this Court observed that a “debt, either in being, or created at the time or contracted to be created, is an essential requisite of a mortgage.”[17] The Court supported this observation with a citation to Carpenter v. Longan, a United States Supreme Court case.[18] In Carpenter, the Supreme Court discussed the consequences of an assignment of a mortgage without an assignment of the underlying debt.[19] It observed that the “note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity.”[20]
Other respected authorities have also recognized that the holder of a mortgage must have an interest in the underlying debt or obligation to enforce the mortgage. In Powell on Real Property, the rule is bluntly stated as follows;
It must be remembered that the mortgagee has two interests: (1) the debt or obligation which is owed to him, and (2) the security interest in land represented by the mortgage.... In fact, the primary interest is the personalty debt obligation. The interest in land which is available in case security is necessary because of the debtor’s default is considered a collateral interest. Much trouble has been caused by mortgagees attempting to transfer only one of these two interests. Where the mortgagee has “transferred” only the mortgage, the transaction is a nullity and his “assign-ee,” having received no interest in the underlying debt or obligation, has a worthless piece of paper.[21]
The Restatement Third of Property (Mortgages) Section 5.4(c) provides that “a mortgage may only be enforced by or on behalf of a person who is entitled to enforce the obligation.”[22] American Jurisprudence, Second Edition provides that “only the rightful owner of the note has the right to enforce the mortgage.”[23]
Courts in other jurisdictions have reached the same conclusion: Merritt v. Bartholick (“As a mortgage is but an incident to the debt which it is intended to secure ... the logical conclusion is that a transfer of the mortgage without the debt is a nullity, and no interest is assigned by it. This is a necessary legal conclusion, and *477 recognized as the rule by a long course of judicial decisions.”);[24] Vidal v. Liquidation Properties, Inc. (“We have held that the one who owns or holds the note is entitled to foreclose on the mortgage.”);[25] Bank of New York v. Raftogianis (“As a general proposition, a party seeking to foreclose a mortgage must own or control the underlying debt.”);[26] Deutsch Bank National Trust v. Brumbaugh (“Appellee must demonstrate it is a person entitled to enforce the note.”);[27] Bankers Trust Company of California, N.A. v. Vaneck (“The [Conn.] statute codifies the common law principle of long standing that ‘the mortgage follows the note,’ pursuant to which only the rightful owner of the note has the right to enforce the mortgage.”);[28] In re Atlantic Mortgage Corporation v. Adamo (“In Michigan law, a mortgage which has been severed from the corresponding promissory note does not entitle the mortgage holder to collect the indebtedness or to take possession of the real property.”);[29] Deutsche Bank National Trust Company, Trustee v. Holden (“Deutsche Bank must still show that it is the holder of the note that establishes the debt in order to foreclose.”);[30] South Carolina National Bank v. Halter (“The assignment of a mortgage as distinct from the debt it secures is nugatory and confers no rights upon the transferee, absent some indication that the parties also intended to transfer the debt.”);[31] McKeighan v. Citizens Commercial & Savings Bank of Flint (“The assignment of the mortgage by Schlee, the mortgagee, to Selenik, after Schlee had indorsed the mortgage note over to the bank, was a nullity.”);[32] Walston v. Twiford (“A mortgage which purports to secure the payment of a debt has no validity if the debt has no existence.”).[33]
We find these authorities persuasive and consistent with our observation in Iowa-Wisconsin Bridge Co. v. Phoenix Finance Corporation that a debt is an essential requisite to a mortgage.[34] The logic of the rule that the holder of a mortgage must have the right to enforce the underlying obligation in order to foreclose on the mortgage is clear. That is why the Delaware mortgage foreclosure statute requires the mortgagor “to show cause, if there is any, why the mortgaged premises ought not to be seized and taken in execution for payment of the mortgage money with interest ... ”[35] If the holder of the mortgage is not the one entitled to enforce the underlying debt (“mortgage money”), the mortgage holder suffers no injury by the mortgagor’s nonperformance.
For the foregoing reasons, we hold that a mortgage holder must be a party entitled to enforce the obligation, mortgage money, which the mortgage secures in order to foreclose on the mortgage.
*478 We also believe that a claim that a mortgage holder is not entitled to foreclose on the mortgage because it is not the party entitled to enforce the underlying obligation falls within the scope of a plea in avoidance. It relates to the plaintiffs legal ability to foreclose on the mortgage. It admits the essential allegations of the complaint but asserts a matter which, if true, defeats the plaintiffs right to foreclose.
The mortgage was assigned to The Bank in 2011. In 2013, two years after the mortgage was assigned, Mr. Shrewsbury requested and obtained from the company servicing the mortgage a copy of the note. The copy he received contained no notation or indication that the note had been assigned. The Shrewsburys asserted their defense in their answer and in their response to the motion for summary judgment. In the Superior Court, it appears that The Bank did not produce the note, claim to be the holder of the note, or claim to be entitled to enforce the note. Under these circumstances, a question of fact existed which should have resulted in denial of The Bank’s motion for summary judgment until it showed that it had the right to enforce the note.
We do not view the holding we reach in this case as imposing new pleading requirements which must be contained in a mortgage foreclosure complaint. 10 Del. C. § 5061 has not been interpreted as requiring an averment concerning the note. The Superior Court Civil Rules include an appendix of approved forms. Form 13 illustrates, in its simplest form, a sufficient mortgage foreclosure complaint, subject to the various requirements found in other statutes enacted after the form was adopted. The second paragraph of the form of complaint is an allegation that “Defendant owes plaintiff the principal amount of the mortgage with interest from • ” That form must be construed in accordance, with the language of the statute. Therefore, the second paragraph of the form should be read: “the defendant owes the principle amount of the mortgage money with interest ... ”[36]
The complaint in this case alleged that “Defendant(s) owe to plaintiff the principal sum of the amount remaining on the mortgage with interest ...” Our ruling simply recognizes that one of the possible pleas in avoidance of this allegation is that the money is not owed to the plaintiff because it does not have the right to enforce the debt which the mortgage secures. We also note that where a mortgage has been assigned, plaintiff’s counsel is free, if counsel chooses, to expand the averment that the mortgage has been assigned to include an averment that the note, as well as the mortgage, was assigned to the plaintiff. In fact, the best practice would be for the plaintiff’s counsel to do so.
For the foregoing reasons, the judgment of the Superior Court is reversed and the matter is remanded for further proceedings consistent with this opinion.[37]

. 2011 WL 6000787, at *2 (Del. Super. Nov. 18, 2011) (quoting Am. Nat'l Ins. Co. v. G- *474 Wilmington Assocs., L.P., 2002 WL 31383924, at *2 (Del. Super. Oct. 18, 2002)); see also LaSalle Nat’l Bank v. Ingram, 2006 WL 1679418, at *2 (Del. Super. May 16, 2006); Christiana Falls, L.P. v. First Fed. Sav. & Loan Ass’n of Norwalk, 1986 WL 18356, at *1 (Del. Dec. 30, 1986); Wilmington Trust Co. v. Bethany Group Ltd. P'ship, 1993 WL 258686, at *2 (Del. Super, June 3, 1993); Gordy v. Preform Bldg. Components, Inc., 310 A.2d 893, 895 (Del. Super. 1973).

.In its Statement of Facts in its brief on appeal, The Bank states that “[o]n an unknown date, the Note was endorsed by Countrywide Home Loans, Inc. in blank.” Appel-lee’s Answering Br. at 4. A copy of the note containing such an endorsement is in The Bank’s appendix in this appeal. App. to Appel-lee’s Answering Br. at 28-30. The Bank makes no argument on appeal concerning the note contained in its appendix. Under Delaware Supreme Court Rule 9, we hear an appeal on the record created in the trial court. Accordingly, we. do not consider the Note contained in The Bank’s appendix.

. Brown v. United Water Del., Inc., 3 A.3d 272, 275 (Del. 2010) (quoting Estate of Rae v. Murphy, 956 A.2d 1266, 1269-70 (Del. 2008)),

. The Bank cites the following Superior Court cases in support of its contention; M & T Bank v. Watkins, 2016 WL 4123903, at *2 (Del. Super, July 29, 2016) (citing Deutsche Bank Nat’l Trust Co. v. Moss, 2016 WL 355017, at *3 (Del. Super. Jan. 26, 2016) (quoting HSBC Mortg. Corp. (USA) v. Bendfeldt, 2014 WL 600233, *2 (Del. Super. Feb. 4, 2014), aff’d 2014 WL 4978666 (Del. Oct. 7, 2014))); Davis v. 913 N. Mkt. St. P’ship, 1996 WL 769326, at *1 (Del. Super. Dec. 12, 1996) ("The [ ] note and the mortgage confer separate rights and obligations. Thus, the [] note is a separate matter and is not part of the foreclosure action on the mortgage,”); Ryan v. Ryan, 1989 WL 135711, at *1 (Del. Super. Nov. 2, 1989).

. 2 Victor B. Woolley, Woolley on Delaware Practice, § 1358 at 918, § 1371 at 926 (WM. W. Gaunt and Sons, Inc. 1985).

. 10 Del C. § 5061.

. Matter of Celeste Court Apartments, Inc., 47 B.R. 470, 474 (D. Del. 1985).

. Gordy, 310 A.2d at 895.

. Id. (citing Revised Code of Delaware, 1935, par. 4859, Ch. 133, & 68).

. See cases cited supra note 1.

. 2011 WL 6000787, at *2.

. 310 A.2d 893, 895 (Del. Super. 1973).

. Id.

. Id.

. Id. at 895-96.

. Woolley, supra note 4, § 1353 at 914.

. 25 A.2d 383, 389 (Del. 1942).

. 83 U.S. 271, 16 Wall. 271, 21 L.Ed. 313 (1872).

. Id.

. Id. at 274.

. 4 Richard R. Powell, Powell on Real Property § 37.27[2] at 37-178 (Michael Allan Wolf ed., 2000).

. Restatement (Third) of Property (Mortgages) § 5.4(c) (1997). Section 5.4(a) states "A transfer of an obligation secured by a mortgage also transfers the mortgage unless the parties to the transfer agree otherwise.” This “the mortgage follows the note” principle is supported by substantial authority. Section 5.4(b) states "Except as otherwise required by the Uniform Commercial Code, a transfer of a mortgage also transfers the obligation the mortgage secures unless the parties to the transfer agree otherwise.” The Reporter’s Note acknowledges that there is "substantial contrary authority, holding that an assignment of the mortgage without the obligation is a nullity.”

. 55 Am. Jur. 2d Mortgages § 584 (2017).

. 36 N.Y. 44 (1867) (internal citations omitted).

. 104 So.3d 1274, 1276 (Fla. Dist. Ct. App. 2013).

. 418 N.J.Super. 323, 13 A.3d 435, 438 (Ch. Div. 2010).

. 270 P.3d 151, 153 (Okla. 2012).

. 95 Conn.App. 390, 899 A.2d 41, 42 (2006).

. 69 B.R. 321, 325 (Bankr. E.D. Mich. 1987).

. 147 Ohio St.3d 85, 60 N.E.3d 1243, 1250 (2016).

. 293 S.C. 121, 359 S.E.2d 74, 77 (S.C. Ct. App. 1987) (internal citations omitted).

. 302 Mich. 666, 5 N.W.2d 524, 526 (1942).

. 248 N.C. 691, 105 S.E.2d 62, 64 (1958).

. 25 A.2d 383 (Del. 1942).

. 10 Del. C. § 5061(a).

. We recommend that the Superior Court consider amending the form to specifically say “mortgage money” rather than just "mortgage.”

. The dissent characterizes the Majority’s opinion as being based upon sympathy, and cautions against "mandating as judges, not legislators, an increase in the costs to lenders of enforcing their rights when that is not necessary to protect the legitimate rights of borrowers.” Yet, the Dissent acknowledges that the Majority "might have a point where an unfortunate homeowner could have her home foreclosed upon by a mortgage holder and later have a separate note holder show up and demand payment.” But that is exactly the point. Our Dissenting colleague would force upon such a homeowner the costs of chasing down the mortgage holder and suing to establish that the note had already been paid. To the extent that decisions of this Court are *479 contrary to our holding herein, they are hereby overruled.