**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| WELLS FARGO BANK, NA, | ) C.A. No. N15L-02-036 AML |
| | ) |
| Plaintiff, | ) NON-ARBITRATION |
| | ) In Rem |
| v. | ) Sci. Fa. Sur Mortgage Action |
| | ) Mortgage Record 20080421-0026997 |
| WILMA J. FORREST and | ) Parcel No. 26-022.10-284 |
| DERWIN G. FORREST, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Submitted: June 19, 2017
Decided: June 22, 2017

**ORDER**
**Plaintiff's Motion for Summary Judgment: GRANTED**

This 22nd day of June, 2017, upon consideration of the record in this matter, the submissions of the parties, and the applicable law, it appears to this Court that:

1.      This is a *scire facias sur* mortgage foreclosure action filed on February 14, 2015 by the plaintiff, Wells Fargo Bank, NA ("Wells Fargo"), against Wilma and Derwin Forrest (collectively, the "Forrests"), who own the subject property at 623 East 22nd Street, Wilmington, Delaware (the "Property"). In the complaint, Wells Fargo alleged the Forrests executed and delivered a mortgage on the Property to American Mortgage Network, Inc., that mortgage was assigned to

Wells Fargo,[1] and the Forrests failed to (i) make the required monthly payments under the mortgage, and (ii) cure their default despite notice and an opportunity to do so. Wells Fargo therefore alleged it was entitled to judgment on the mortgage.[2]

2. The Forrests answered the complaint and initially asserted a number of affirmative defenses, including that Wells Fargo (i) lacked standing because it was not in possession of the original note,[3] (ii) failed to properly accelerate the mortgage before filing the foreclosure action, and (iii) failed to provide the required notice of intent to foreclose.

3. Wells Fargo initially moved for summary judgment on March 17, 2016, but later withdrew that motion because the Forrests had been offered "a trial payment plan" in an effort to resolve the foreclosure action.[4] On September 16, 2016, Wells Fargo refiled its motion for summary judgment, but in November 2016, shortly before the hearing on the motion, Wells Fargo and the Court received notice that the Forrests had filed for bankruptcy. This case therefore was transferred to the bankruptcy dormant docket until February 2017, when the Forrests' bankruptcy action was closed.[5]

---

[1] Compl. ¶¶ 1-2.
[2] *Id.* ¶ 5.
[3] Although the note was not included as an exhibit to the complaint, Wells Fargo later supplemented the record to include that instrument in light of the Delaware Supreme Court's ruling in *Shrewsbury v. Bank of N.Y. Mellon*, 2017 WL 1374746, at *5 (Del. Apr. 17, 2017).
[4] D.I. 32.
[5] D.I. 40, 41.

4.     Wells Fargo then re-noticed the summary judgment motion for June 2, 2017.  The Forrests did not file any opposition to the motion, aside from filing a letter addressed to Wells Fargo's counsel seeking settlement or a payment agreement to reinstate the mortgage on the Property.[6]  Due to a scheduling conflict, the Court rescheduled the motion to June 19, 2017.  On June 15, 2017, the Forrests filed a "Motion Set Postpone Summary Judgment," asserting they were working with Wells Fargo's loss mitigation department to reinstate the mortgage.  The Forrests therefore asked the Court to defer ruling on the summary judgment motion until August 1, 2017.[7]  The Court informed the parties that the hearing would proceed on June 19th as scheduled, but the Forrests could present at that time evidence of their loss mitigation efforts.[8]

5.     At the hearing, as in its motion for summary judgment, Wells Fargo sought judgment as a matter of law because the affirmative defenses raised by the Forrests either were not supported by the record or did not present valid defenses in a *scire facias sur* mortgage action.  In response, the Forrests did not contest Wells Fargo's arguments, but instead simply sought a 90-day stay of the judgment so they would have additional time to explore loss mitigation efforts with Wells

---

[6] D.I. 44.
[7] D.I. 48.
[8] D.I. 49.

3

Fargo. Upon the Court's inquiry, the Forrests expressly denied opposing the summary judgment motion on any basis other than their loss mitigation efforts.

6. It is plain from the record, and the Forrests do not dispute, that Wells Fargo is entitled to summary judgment. None of the affirmative defenses raised by the Forrests in their answer to the complaint preclude entry of judgment as a matter of law. Specifically, Wells Fargo provided proof that the mortgage and note were assigned to it, its demand letter properly accelerated the debt, and the Forrests' contention that Wells Fargo failed to provide the statutorily-required notice of intent to foreclose fails because the Property was not owner-occupied and therefore notice was not required under 10 *Del. C.* § 5062B(a)(1).

7. The only remaining question, therefore, is whether this Court should postpone entering judgment, or stay execution of judgment, to allow the Forrests to pursue loss mitigation efforts. Although such relief might be warranted in certain cases, it is not warranted here. Resolution of this motion has been delayed more than a year while the Forrests pursued a trial payment plan and bankruptcy. Although the Court appreciates the Forrests' continued efforts to save their Property, further delay is not appropriate in these circumstances. Moreover, the Forrests may continue to pursue loss mitigation even after judgment is entered by this Court, up to the point that the Property is sold at sheriff's sale. For those reasons, the Forrests' request to further stay these proceedings is **DENIED**.

4

**AND NOW,** for the foregoing reasons, Wells Fargo's Motion for Summary Judgment is **GRANTED**. Wells Fargo **SHALL** file within 10 days a revised proposed order containing updated figures for the amount of the judgment. **IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Melanie J. Thompson, Esquire
        Wilma J. Forrest, *pro se* (via U.S. First Class Mail)
        Derwin G. Forrest, *pro se* (via U.S. First Class Mail)