IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ROOKER HOLDINGS, LLC,          )
                               )    Case No. K18L-04-020 WLW
        v.                     )
                               )
RONALD A. BAZIL a/k/a          )
RONALD BAZIL,                  )
                               )
        Defendant.             )

Submitted: November 21, 2019
Decided: February 10, 2020

**ORDER**

Upon Defendant's Motion to Dismiss
Under Superior Court Rule 12(b)(2).
*Denied.*

Adam V. Orlacchio, Esquire of Blank Rome LLP, Wilmington, Delaware and Thomas M. Brodowski, Esquire of Blank Rome LLP, Philadelphia, Pennsylvania, (*pro hac vice*); attorneys for Plaintiff.

Frances Gauthier, Esquire of Legal Services Corporation of Delaware, Inc., Wilmington, Delaware; attorney for Defendant.

WITHAM, R.J.

## INTRODUCTION

Before the Court are Defendant, Ronald A. Bazil's, Motion to Dismiss filed pursuant to Superior Court Civil Rule 12(b) ("Rule 12(b)"), as well as Plaintiff's Response in Opposition. As the facts stand presently, it appears to the Court that:

## FACTUAL AND PROCEDURAL HISTORY

1. On April 17, 2007, Ronald A. Bazil, Defendant in this case, executed a promissory note (the "Note") in the amount of $574,000 in favor of K Bank.[1] On March 10, 2008, Defendant signed a loan Modification Agreement ("First Modification"), which replaced the debt obligation of the original Note.[2] On January 21, 2010, he signed another Loan Modification ("Second Loan Modification"), which, in turn, replaced the First Modification.[3] Plaintiff, Rooker Holdings, possesses both Modifications.[4] The Maryland Office of Financial Regulation ordered the closure of K Bank on November 5, 2010, and appointed the Federal Deposit Insurance Corporation (the "FDIC") as the receiver for K Bank.[5] During the transfer of files from K Bank to FDIC, the original Note was lost, misplaced, or destroyed.[6]

---

[1] Plaintiff's Opposition to Defendant's Motion to Dismiss Under Superior Court Rule 12(b)(2) ("Pl's Opposition') ¶ 3.

[2] *Id.* at ¶ 4.

[3] *Id.*

[4] *Id.*

[5] *Id.* at ¶ 5.

[6] *Id.*

2

2. On September 24, 2012, the FDIC assigned the Mortgage to SFR Venture 2011-1, LLC ("SFR"), which subsequently assigned the Mortgage to SFR Venture 2011-1 REO, LLC ("REO").[7] On December 21, 2016, REO assigned the Mortgage to Rooker Holdings.[8] Defendant defaulted on the Loan by failing to make a monthly payment on April 1, 2011, and he has made no payments since.[9] Plaintiff filed a Foreclosure Complaint on April 12, 2018, and Defendant filed an Answer on September 19, 2018.[10] Defendant also filed a Motion to Dismiss Pursuant to Superior Court Civil Rule 12(b) on October 17, 2019, and Plaintiff responded on October 31, 2019.

## PARTIES' CONTENTIONS

3. Defendant claims that because Plaintiff never possessed the Note, Plaintiff is not entitled to foreclose on the property.[11] Defendant claims that because Plaintiff does not have standing, this Court lacks jurisdiction over Defendant.[12] He further asserts that the assignments involved in this case, including the assignment to Plaintiff, were unlawful because none of the Mortgage holders, excluding the original

---

[7] *Id.* at ¶ 6.

[8] *Id.*

[9] *Id.* at ¶ 7.

[10] *Id.* at ¶ 7-8.

[11] Defendant's Motion to Dismiss Under Superior Court rule 12(b)(2) ("D's Mot.")) ¶ 16.

[12] *Id.* at ¶ 18.

one, possessed the Note.[13]

4. Plaintiff claims that Defendant waived the lack of personal jurisdiction defense because he did not raise it timely.[14] Plaintiff further asserts that, according to a recent Delaware Supreme Court case, even though a mortgage holder must also ordinarily possess a note to be able to foreclose, applying this principle in a vacuum and without taking the circumstances of this case into consideration leads to an inequitable result that is contrary to the common practice of buying and selling mortgages on the secondary market.[15] Plaintiff further states that Defendant lacks standing to challenge the validity of the assignments involved in this case.[16]

## STANDARD OF REVIEW

5. On a motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction over a defendant, the plaintiff "bear[s] the burden to articulate a non-frivolous basis for this court's assertion of jurisdiction."[17] According to Rule 12(b), "[e]very defense, in law or fact, to a claim for relief in any pleading, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading…"[18] At

---

[13] *Id.* at ¶ 11.

[14] Pl's Opposition ¶ 10.

[15] *Id.* at ¶ 13.

[16] *Id.* at ¶ 15.

[17] *Prime Rock Energy Capital, LLC v. Vaquero Operations, Ltd.*, 2017 WL 4856851 at *2 (Del. Super. Oct. 26, 2017) (quoting *IM2 Merch. & Mfg., Inc. v. Tirex Corp.*, 2000 WL 1664168, at *4 (Del. Ch. Nov. 2, 2000)).

[18] Super. Ct. Civ. R. 12(b).

4

the option of the pleader, some defenses, including lack of personal jurisdiction, may, nevertheless, be raised by a motion.[19] However, "[a] motion making these defenses shall be made before pleading if a future pleading is permitted."[20] Furthermore, to have standing to foreclose on a mortgage, a party must be a mortgage holder and also must be entitled to enforce the underlying debt which the mortgage secures.[21]

## ARGUMENT

6. In this case, Defendant failed to raise the lack of personal jurisdiction defense in or prior to the responsive pleading he submitted on September 19, 2018.[22] Defendant also did not amend the Answer as a matter of course to include this defense.[23] Therefore, Defendant waived his right to assert the defense of lack of personal jurisdiction. Defendant also seems to assert that Plaintiff lacks standing to bring the foreclosure action.[24] The Delaware Supreme Court in *Shrewsbury* established that to be able to foreclose on a mortgage, a party must be not only a mortgage holder but also a note holder.[25] In this case, Plaintiff holds the mortgage on Defendant's property, which Plaintiff acquired through a course of assignments.

---

[19] See *Id.*

[20] See *Id.*

[21] *Shrewsbury v. The Bank of New York Mellon*, 160 A.3d 471, 477 (Del. 2017).

[22] *See* Defendant's Answer to Complaint.

[23] Pl's Opposition ¶ 10.

[24] D's Mot. ¶ 16.

[25] *Shrewsbury*, 160 A.3d at 477.

Defendant cannot challenge the validity of these assignments because, as mortgagor and absent special circumstances, Defendant lacks standing to bring such a challenge.[26] The special circumstances include: defendant being a party to the transfer of a mortgage, defendant being a third-party beneficiary, and defendant sustaining some legal harm as a result of the transfer.[27] Defendant did not assert any facts establishing the existence of the special circumstances that would allow him to challenge the assignments.

7. Furthermore, in this case, the fact that Plaintiff does not hold the original Note does not preclude Plaintiff from bringing this foreclosure action because the Note was lost by the previous holder. This case is distinguishable from *Shrewsbury* because Plaintiff holds the two subsequent Note Modifications and Plaintiff also holds the Lost Promissory Note Affidavit. The Supreme Court in *Shrewsbury* indeed created a new requirement for mortgage holders to also be in possession of the corresponding notes to be able to foreclose. However, it is clear that the Supreme Court in *Shrewsbury* did not intend for mortgagors to be able to escape their liability entirely and receive property free and clear of any otherwise valid lien. In this case, Defendant makes claim that nobody is entitled to ever bring a foreclosure action on his property, regardless of whether he is making payments on the money he borrowed, unless the original Note is found; which may never happen. This argument is clearly inequitable, contrary to common sense and therefore the argument fails.

---

[26] *Toelle v. Greenpoint Mortgage Funding, Inc.* 2015 WL 5158276 at *3 (Del. Super. Ct. 2015).

[27] *Id.*

8. Under 6 *Del. C.* § 3-309, a person may enforce a lost instrument (1) if the person was in possession of the instrument before, (2) the loss of possession was not the result of a transfer or lawful seizure, and (3) the person cannot reasonably obtain possession of the instrument.[28] In this case, Plaintiff obtained a Lost Promissory Note Affidavit and is thus able to prove that but for the act that was out of Plaintiff's control, Plaintiff would have been in possession of the original Note.[29] Under the unique facts of this case and taking the *Shrewsbury* decision into consideration, the Affidavit can be equated to the original Note. Plaintiff also holds both of the Note Modifications and can adequately demonstrate the terms of the contract with Defendant.

## CONCLUSION

For the reasons mentioned above, the Court **DENIES** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

---

[28] 6 *Del. C.* § 3-309.

[29] See D's Mot. Ex. F.