IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| M. DENISE TOLLIVER, | § | |
| | § | |
| Defendant Below, | § | No. 471, 2019 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below:  Superior Court |
| | § | of the State of Delaware |
| U.S. BANK NATIONAL | § | |
| ASSOCIATION AS LEGAL | § | C.A. No. N18L-07-054 |
| TITLE TRUSTEE FOR TRUMAN | § | |
| 2016 SC6 TITLE TRUST, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  March 13, 2020
Decided:    April 29, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After consideration of the parties' briefs and the record in this case, it appears to the Court that:

(1)    The appellant, M. Denise Tolliver, filed this appeal from an order of the Superior Court granting summary judgment to the appellee, U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("U.S. Bank"). After careful consideration of the parties submissions and the record on appeal, we affirm the Superior Court's judgment for the reasons stated below.

(2)     In January 2008, Tolliver executed a promissory note ("the Note") for a loan from Wachovia Mortgage, FSB.  The Note was secured by a mortgage ("the Mortgage") on a property in Wilmington, Delaware.  The Mortgage provided that if Tolliver failed to make a payment in full, Wachovia Mortgage could demand immediate payment of all sums secured and take any action to sell the property.[1]

(3)     By late 2017, Tolliver had fallen behind on the mortgage payments.  In July 2018, Wells Fargo Bank, N.A. (formerly known as Wachovia Mortgage, FSB) filed a mortgage foreclosure action against Tolliver.  Tolliver filed a motion to dismiss, which Wells Fargo opposed.  In November 2018, Wells Fargo assigned its interest in the Mortgage to U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust.  Wells Fargo filed a motion to substitute U.S. Bank as plaintiff and a motion for default judgment, both of which Tolliver opposed. The Superior Court denied the motion to dismiss, granted the motion to substitute parties, and denied the motion for default judgment.

(4)     After Tolliver filed an answer to the complaint, U.S. Bank filed a motion for summary judgment.  The Superior Court held a hearing on the motion for summary judgment on September 25, 2019.  At the conclusion of the hearing, the

---

[1] Appendix to Appellee's Answering Brief at B15.  Tolliver describes the Mortgage provided by U.S. Bank as "altered," because U.S. Bank redacted the loan number.  U.S. Bank explains that the loan number was redacted to protect Tolliver's personally identifiable information.

Superior Court granted the motion for summary judgment. Tolliver filed a motion for reargument, which the Superior Court denied. This appeal followed.

(5)     We review the Superior Court's grant or denial of a motion for summary judgment *de novo*.[2] On a motion for summary judgment, the movant must demonstrate that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law.[3] "When the evidence shows no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to demonstrate that there are genuine issues of material fact that must be resolved at trial."[4] Defenses in a foreclosure action are limited to payment, satisfaction, absence of a seal, or a plea in avoidance of the deed.[5]

(6)     On appeal, Tolliver argues that the Superior Court erred in granting the motion for summary judgment because: (i) there was no indication that the Note was assigned to U.S. Bank as required by this Court's decision in *Shrewsbury v. Bank of New York Mellon*, 160 A.3d 471 (Del. 2017); and (ii) there was no modification of the Mortgage as required by Wachovia's "Pick-a-Payment" mortgage loan settlement in 2011. After careful consideration of the parties' positions, we conclude that Tolliver's arguments are without merit.

---

[2] *ConAgra Foods Inc. v. Lexington Ins. Co.*, 21 A.3d 62, 68 (Del. 2011).
[3] Super. Ct. Civ. R. 56(c).
[4] *Grabowski v. Mangler*, 938 A.2d 637, 641 (Del. 2007).
[5] *Brooks v. BAC Home Loans Serv., LP*, 2012 WL 3637238, at *1 (Del. Aug. 23, 2012) (citing *Gordy v. Preform Building Components, Inc.*, 310 A.2d 893, 895 (Del. Super. Ct. 1973)).

(7)     In *Shrewsbury*, this Court reversed the Superior Court's granting of summary judgment in favor of the assignee mortgagee in a foreclosure action because there was a factual issue as to whether the assignee mortgagee had the right to enforce the promissory note associated with the mortgage.[6] We noted, in reaching this conclusion, that the assignee mortgagee "did not produce the note, claim to be the holder of the note, or claim to be entitled to enforce the note" in the Superior Court proceedings.[7] In this case, U.S. Bank asserted that it was the legal holder of the Note in the Superior Court proceedings. Under 6 *Del. C.* § 3-301, a "[p]erson entitled to enforce" an instrument includes the holder of the instrument. Section 3-205(a) provides that an instrument indorsed in blank "becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." U.S. Bank included a copy of the Note, indorsed in blank, with its motion for summary judgment. Tolliver has not shown a genuine issue of material fact concerning U.S. Bank's status as holder of the Note and its standing to enforce the Mortgage.

(8)     As to Tolliver's contentions regarding Wachovia's settlement of a "Pick-a-Payment" mortgage loan class action in 2011, she has not shown that this settlement required modification of the Mortgage. The 2011 article Tolliver offered in support of this claim refers to the preliminary approval of a settlement in which

---

[6] 160 A.3d at 474-78.
[7] *Id.* at 474.

4

Wachovia agreed to establish a $50 million settlement fund to resolve a class action involving "Pick-a-Payment" mortgage loans. There is nothing to suggest that the settlement required Wachovia to modify the Mortgage as desired by Tolliver.[8] Having carefully reviewed the parties' positions on appeal, we conclude that the Superior Court did not err in granting U.S. Bank's motion for summary judgment.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[8] According to the United States District Court for the Northern District of California's decision approving the settlement, Wachovia established a $50 million settlement fund as well as a loan modification program to remain in place through June 2013. *In re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Practices Litig.*, 2011 WL 1877630, at *1-2 (N.D. Cal. May 17, 2011). The district court noted that not all class members would be entitled to loan modification. *Id.* at *4.