# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

RESTORA, LLC,                    )
    Plaintiff,                    )
                            )
    v.                    )
                            )
LAMONT ALI MOORE, AS             )        C.A. No. N13L-12-009 ALR
PERSONAL REPRESENTATIVE          )
OF THE ESTATE OF TERRY L.        )
YELVERTON, LAMONT MOORE,         )
HEIR and TERRY MOORE, HEIR,      )
    Defendants.                    )

Submitted: December 15, 2020
Decided: December 16, 2020

***Upon Plaintiff's Renewed Motion for Summary Judgment***
**GRANTED**
**ORDER**

This is a mortgage foreclosure case. Upon consideration of the renewed motion for summary judgment of Plaintiff Restora, LLC; the Superior Court Civil Rules; the facts, arguments, and authorities set forth by the parties; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1.  The complaint was filed in this action more than seven years ago, on December 3, 2013.

2.  A *scire facias sur* mortgage action "is an *in rem* proceeding used to foreclose on a mortgage."[1] It is well-settled in Delaware that there are a limited

---

[1] *JPMorgan Chase Bank v. Hopkins*, 2013 WL 5200520, at *2 (Del. Super. Sept. 12, 2013).

number of defenses available in a mortgage foreclosure action.[2] In *Shrewsbury*, the Delaware Supreme Court reiterated that the "only defenses available in a mortgage foreclosure action [are] payment of the 'mortgage money,' satisfaction or a plea in avoidance of the mortgage."[3] A plea in avoidance challenges the validity of "the original mortgage sued upon."[4] Pleas in avoidance include "an act of God, assignment of cause of action, conditional liability, discharge, duress, exception or proviso of statute, forfeiture, fraud, illegality of transaction, nonperformance of condition, precedent, ratification, unjust enrichment, and waiver."[5]

3. The Court has conducted numerous hearings and conferences in this matter to provide Defendants an opportunity to be heard.

4. Efforts to resolve the matter through the foreclosure mortgage mediation program have not been successful.

5. On March 12, 2020, Delaware Governor John C. Carney declared a state of emergency due to COVID-19 ("Declaration"). On June 30, the Governor again modified the Declaration, lifting any stays of deadlines in residential mortgage

---

[2] *See Shrewsbury v. The Bank of New York Mellon*, 160 A.3d 471, 475 (Del. 2017).
[3] *Id.*
[4] *LaSalle Nat'l Bank v. Ingram*, 2005 WL 1284049, at *1 (Del. Super. May 19, 2005).
[5] *Shrewsbury*, 160 A.3d at 475 (quoting *Gordy*, 310 A.2d at 895-96).

foreclosure actions resulting from the Declaration, "unless the court determines that a longer period is necessary in the interest of justice." [6]

6. Plaintiff has supplied an affidavit of compliance with the CARES Act.

7. Plaintiff requests judgment on the grounds there are no defenses.

8. The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[7] The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[8] At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[9]

---

[6] On March 12, 2020, Delaware Governor John C. Carney declared a state of emergency due to COVID-19 ("Declaration"). On June 30, the Governor again modified the Declaration, lifting any stays of deadlines in residential mortgage foreclosure actions resulting from the Declaration, "unless the court determines that a longer period is necessary in the interest of justice." Twenty-Third Modification of the Declaration of a State of Emergency for the State of Delaware Due to a Public Health Threat 11 (June 30, 2020), *available at* https://governor.delaware.gov/wp-content/uploads/sites/24/2020/06/Twenty-Third-Modification-to-State-of-Emergency-06302020.pdf. Although there have been additional modifications, none have further changed the procedural requirements for a mortgage foreclosure action.

[7] Super. Ct. Civ. R. 56.

[8] *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979).

[9] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

3

9. Defendants' counsel was permitted to withdraw by Order dated September 28, 2020.

10. Defendants were provided an opportunity to respond to the motion for summary judgment and a deadline of November 24, 2020. Defendant did not respond or requested an extension. By letter dated December 2, 2020, the Court offered Defendants one final opportunity to respond to the pending motion for summary judgment or to request a remote hearing, with a deadline of December 15, 2020. Defendants have not contacted the Court or submitted a response of any kind.

11. It is undisputed that Defendants defaulted on the mortgage.[10]

12. Justice requires resolution of this matter.

13. On this record, there is no dispute as to any material facts and Plaintiff is entitled to judgment as a matter of law.

**NOW, THEREFORE, this 16th day of December 2020, Plaintiff's renewed motion for summary judgment is hereby GRANTED and judgment shall enter in favor of Plaintiff and against Defendants.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**

---

[10] *Anthium, LLC*, 2019 WL 6606353, at \*3 ("Plaintiff correctly states that Defendants' breach is not disputed.").