# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

THE BANK OF NEW YORK MELLON )
F/K/A THE BANK OF NEW YORK, AS )
TRUSTEE (CWABs 2006-SD2) )
      Plaintiff, )
       )
      v. )    C.A. No. N16L-08-119 DJB
       )
JEFFRY S. PEARSON )
THE UNITED STATES OF AMERICA )
      Defendant. )

Submitted: March 4, 2024
Decided: March 5, 2024

***Upon Defendant's Motion to Stay the Sheriff's Sale* - DENIED**

## ORDER

This is a mortgage foreclosure case that has a long history of litigation. Defendant Jeffry Pearson ("Defendant") filed this motion to stay the scheduled Sheriff's Sale, currently scheduled for March 12, 2024, and to void the Plaintiff's mortgage on the subject property, on March 4, 2024.[1] Given the emergent nature of the request, the Court requested a response from Plaintiff The Bank of New York Mellon ("Plaintiff") on or before March 6, 2024. Plaintiff's response was filed on March 5, 2024.[2] Upon consideration of the Motion, Plaintiff's response in opposition, the Superior Court Civil Rules, the facts, arguments, and authorities set

---

[1] *Bank of New York, Mellon FKA Bank of New York, as Trustee (CWABS 2006-SD2) v. Jeffry S. Pearson*, No. N16L-08-119 DJB; D.I. 45.
[2] D.I. 48.

forth by the parties, statutory and decisional law, and the entire record in this case, including prior decisions issued by this Court in this litigation; the Court hereby finds as follows:

1. On October 25, 2005, Defendant executed a mortgage ("Mortgage") on a property located at 806 North Madison Street, Wilmington, Delaware 19801 ("Property") to Best Rate Funding Corp. ("Best Rate").[3] Pursuant to the Mortgage, Defendant is the "Borrower" and Best Rate is the "Lender."[4] The Mortgage includes various definitions and defines "Note" to mean "the promissory note signed by Borrower and dated October 25, 2005. The Note states that Borrower owes Lender NINETY-SEVEN THOUSAND FIVE HUNDRED AND 00/100 Dollars [$97,500.00]."[5]

2. As is routinely done with mortgages, Best Rate subsequently assigned its entire interest in the Mortgage to The Bank of New York, as Trustee for benefits of The Note Holders CWABS, Inc. Asset-Backed Notes, Series 2006-SDR, which in turn assigned its interest to Plaintiff.[6]

3. When Defendant failed to pay the monthly installments on the Mortgage when due, Plaintiff filed a *Scire Facias Sur* mortgage foreclosure

---

[3] Pl.'s Compl., Aug. 21, 2016, Ex. A., at 2.
[4] *Id.*
[5] *Id.*
[6] *See id.* at 23-28.

complaint on August 21, 2016, seeking the principal sum remaining on the Mortgage ($95,172.39), in addition to interest, late charges, and legal fees.[7]  Defendant answered the complaint on March 22, 2017.[8]  Mediation was scheduled for both March 15, 2017, and May 17, 2017.  Defendant failed to appear at the May 17 conference and a Final Mediation Record was filed on May 18, 2017, indicating Defendant's non-appearance and that the foreclosure action could proceed.[9]

4.   As mentioned above, this case has a long history.  Following mediation, Plaintiff moved to enlarge the time for service,[10] as Defendant challenged proper service in his Answer to the Complaint.[11]  After considering the response in opposition of Defendant, oral argument on the motion, and the complete record in this case, Plaintiff's motion was granted; the service made upon Defendant as of January 17, 2017, was deemed perfected.[12]

5.   Defendant thereafter moved for Certification for an Interlocutory Appeal of the Court's Order to the Delaware Supreme Court.[13]  Certification was

---

[7] D.I. 1, 5.
[8] D.I. 13.
[9] D.I. 15.
[10] D.I. 17.
[11] D.I. 13.
[12] D.I. 25.
[13] D.I. 26.

denied by Order of this Court on November 1, 2017.[14]  Plaintiff then moved for summary judgment.[15]  Defendant responded in opposition.[16]

6.  In granting the motion for summary judgment in favor of Plaintiff, this Court found:

> …it is undisputed that Plaintiff has standing to bring this mortgage foreclosure action.  Plaintiff is a valid assignee of the Mortgage.  Under *Shrewsbury* Plaintiff must also "be a party entitled to enforce the obligation … which the mortgage secures in order to foreclose on the mortgage." In other words, Plaintiff must be entitled to enforce the underlying Note in order to foreclose on the Mortgage.  The Note in this case has an allonge to Countrywide Bank, N.A., an endorsement to Countrywide Home Loans, Inc., and a blank endorsement.[17]  Pursuant to the blank endorsement, Plaintiff is entitled to enforce the Note as a holder of the Note.[18]
>
> []In addition, Defendant failed to raise any of the limited defenses available in a mortgage foreclosure action.
>
> []As a result, Plaintiff is entitled to summary judgment.  Defendant does not dispute that he is in default of the Mortgage and did not plead any of the available defenses.  In addition, Defendant failed to establish that there are any material facts in dispute.  Plaintiff is the valid assignee of the Mortgage and is entitled to enforce the underlying Note.  As a result, Plaintiff's motion for summary judgment must be granted.
>
> NOW, THEREFORE, this 19th day of December, 2017, Plaintiff's Motion for Summary Judgment is hereby GRANTED and

---

[14] D.I. 29.

[15] D.I. 32.

[16] D.I. 36.

[17] *See* Pl.'s Mot. for Summ. J., Ex. D, at 6.

[18] *See* 6 *Del. C.* § 3-301; 6 *Del. C.* § 3-205.

4

JUDGMENT is entered in favor of Plaintiff The Bank of New York Mellon and against Defendant. [19]

7. Following the summary judgment grant, the Sheriff's Sale originally set for March 12, 2018, was stayed due to Defendant's pending bankruptcy proceedings.[20] On December 28, 2023, a writ of *Levari Facias* was filed by Plaintiff to recover the $249,680.60 owed on the property.[21] The Writ was issued on January 16, 2024.[22]

8. Sheriff's sale has been since scheduled for March 12, 2024. Defendant's instant motion to stay reargues many of the affirmative defenses raised in his Answer and addressed by this Court in its grant of summary judgment. Namely, Defendant challenges Plaintiff's standing to assert these proceedings, Defendant claims he has only a 50% interest in this property and presents a statute of limitation defense.[23] In addition, Defendant argues there was egregious delay, he disputes the findings of bankruptcy court, and argues he was given insufficient notice of the relisting of the property for this sale.[24]

---

[19] *Bank of New York, Mellon v. Pearson*, 2017 WL 6496443 at *3, Rocanelli, J. ORDER (Del. Super. Dec. 19, 2017) (internal citations omitted).
[20] D.I. 42.
[21] D.I. 43.
[22] D.I. 44.
[23] D.I. 45.
[24] *Id.*

9.      With respect to the claims he raised, those have all been decided in Plaintiff's favor during the summary judgment stage.  The law of the case doctrine applies here, and these claims cannot be relitigated now.[25]

10.     With respect to Defendant's remaining claims, this Sheriff's sale stems from a *scire facias sur* mortgage action, which is "an *in rem* proceeding used to foreclose on a mortgage."[26]  Therefore, as mentioned throughout this litigation, there are a limited number of defenses available to Defendant.[27]  The only defenses available in a mortgage foreclosure action are: "payment of the 'mortgage money,' satisfaction or a plea in avoidance of the mortgage."[28]

11.     Defendant did not plead any of the limited defenses available in a mortgage foreclosure action in his Answer, nor does he aver them now in the instant motion.  Plaintiff again disputes the allegations raised with respect to the possession of the original Note.  The Note was attached to and considered by this Court in granting the summary judgment motion.   There is no record evidence of before the Court now to suggest any other finding was had in Bankruptcy Court that would

---

[25] *See Kenton v. Kenton*, 571 A.2d 778, 784 (Del. Supr. 1990) (finding that the law of the case doctrine is established when "a specific legal principle is applied to an issue presented by facts which remain constant throughout the subsequent course of the same litigation.").

[26] *JPMorgan Chase Bank v. Hopkins*, 2013 WL 5200520, at *2 (Del. Super. Sept. 12, 2013).

[27] *See Shrewsbury v. The Bank of New York Mellon*, 160 A.3d 471, 475 (Del. 2017).

[28] *Id.*

disturb the previous finding in this Superior Court action. As a result, whether Defendant has ever requested the original Note is irrelevant and moot.

12. Defendant's argument that he was not properly noticed of the upcoming sale is belied by several factors. Clearly, Defendant is aware of the upcoming sale, based upon the very filing of this motion and the averments contained therein. This is most likely due to both the fact that the Sheriff's public website office states that notice of the sale was posted on the property on February 13, 2024,[29] and that a certified mailing was sent to him notifying him of the upcoming sale. Plaintiff's counsel, as an officer of the Court, has represented in Plaintiff's response in opposition to Defendant's motion, that a "certified mailing was sent to Defendant on February 29, 2024."[30] Superior Court Civil Rule 69(g) provides that notice be provided in specific fashion, "at least 7 days before the sale" of the property.[31] While today is the 7th day prior to the sale, the record indicates that the notice requirement has been satisfied here when Plaintiff sent notice via its certified mailing.

13. Finally, with respect to Defendant's claim that judicial economy warrants a stay of this sale, this argument is unavailing. This case has been pending before this Court since 2017. In the interest of justice and for Defendant's benefit,

---

[29] https://www.newcastlede.gov/DocumentCenter/View/19188/Current-Sheriff-Sale-Poster-List?bidId=

[30] D.I. 48, ¶ 7.

[31] Superior Court Civil Rule 69(g).

7

it was stayed pending Defendant's bankruptcy proceedings. Prior to the stay, this case has been thoroughly litigated via numerous motions before the Court. All legal issues have been litigated and resolved, giving no credence to the argument that judicial economy is served by yet another delay in the proceedings.

THEREFORE, this 5th day of March, 2024, Defendant's Motion to Stay Sheriff's Sale and void the mortgage is hereby DENIED. The sale of 806 North Madison Street, Wilmington, Delaware, shall go forward as scheduled on March 12, 2024.

IT IS SO ORDERED.

_____
The Honorable Danielle J. Brennan