# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN RE IN THE MATTER OF )
UNCLAIMED PROCEEDS FROM )
THE EXECUTION SALE BY THE )
SHERIFF OF NEW CASTLE )
COUNTY )
                                              )     ID NO. N22M-11-099

PROPERTY ADDRESS: 309 N. Market )
St., Wilmington, DE 19801 )
                                              )

NAME OF OWNER: Ronald Goldstein, )
Steven Goldstein, Lawrence Goldstein )
and Estate of Karen Lipsy- TAX )
PARCEL NO.: 26-043.10-195

Date Submitted: December 4, 2024
Date Decided: December 30, 2024

*Upon Western Canterbury Corporation's Exceptions to the Special Master's Report for the Release of Proceeds following a sheriff sale.* **DENIED.**

## <u>MEMORANDUM OPINION</u>

Scott G. Wilcox, Esquire, Giordano, DelCollo, Werb, & Gagne, LLC, Wilmington Delaware 19801. Attorneys for Petitioners.

Charles J. Brown, III, Esquire, Gellert, Seitz, Busenkell, Brown LLC, Wilmington Delaware, 19801. Attorneys for Western Canterbury Corporation.

1

**SCOTT, J**

**INTRODUCTION**

This action concerns the release and distribution of excess proceeds from the sheriff sale of 309 N. Market Street, Wilmington, Delaware ("The Property"). On October 31, 2024, the Special Master issued a final report (the "Final Report") directing the distribution of sale proceeds from the property. Western Canterbury Corporation noticed exceptions to the Special Mater's Final Report. After reading Western Canterbury Corporation's brief and petitioners' response, this Court **ADOPTS** the Special Master's Final Report and Recommendation and **DENIES** Western Canterbury Corporation's Notice of Exceptions to the Special Master's Final Report and Recommendation.

**FACTUAL AND PROCEDURAL BACKGROUND**

Jacob Goldstein owned the property located at 309 N. Market Street, Wilmington, Delaware until his death. Prior to dying, Jacob Goldstein executed a Last Will and Testament (the "will") which provided:

> I give, devise and bequeath all of my estate and property real, personal and mixed, which I own, to which I may be entitled, or over which I may have any disposing power at the time of my death, in equal shares to my nephews and nieces Lawrence S. Goldstein, Barbara G. Goldstein, Ronald G. Goldstein, Steven Goldstein and Karen Lipsy, per stripes and not per capita absolutely and in free simple.

Jacob Goldstein appointed Louis Goldstein as the Executor of his estate and authorized him to sell any and all of Jacob Goldstein's property and pay the heirs

2

proceeds. On March 21, 1986, Louis transferred title to the Property into the name of a Delaware company called Three-0-Nine Corp. The same day, Three-0-Nine Corp., along with another company named Two South Corp., executed a document titled "Mortgage" with a company called Western Canterbury Corporation purporting to secure a loan of $225,000 against the following properties: 404 West 13th Street, 909 N. Van Buren Street, 309 Market Street, 311 Market Street, 802 Market Street and 804 Monroe Street. Western Canterbury Corporation is a registered business entity in the State of New Jersey. An unascertainable individual, John Stawicki, signed the Mortgage as President of Three-0-Nine Corp., and Two South Corp.

Petitioners, Ronald Goldstein, Lawrence Goldstein, and the Estate of Karen Lipsy (the "Petitioners") filed a petition to release excess funds from the sheriff sale of 309 N. Market Street. Following a title search, it was discovered that Yaacov Corporation and Western Canterbury Corporation still held mortgages against the property. Petitioners notified Yaacov Corporation and Western Canterbury Corporation. Yaacov Corporation did not enter an appearance. Western Canterbury Corporation objected to the petition to release the excess proceeds of the sheriff sale. Thus, the parties subject to the Special Master's hearing who are seeking the excess proceeds include the Petitioners, Steven Goldstein, and Western Canterbury Corporation.

On October 31, 2024, following a Special Master's hearing, the Order issued by Master Wolcott, found the excess proceeds should be granted to Petitioners and Steven Goldstein because Western Canterbury corporation's mortgage against the property was invalid and not enforceable. The Order explained the invalidity of the Western Canterbury Corporation's Mortgage was due to a lack of consideration at its inception. Further, Master Wolcott noted there was substantial evidence that the purpose of the mortgage's execution was to evade criminal liability. Pursuant to Superior Court Civil Rule 122,[1] Western Canterbury Corporation has noticed exceptions to the Special Master's Final Report and Recommendation. Petitioners oppose.

**PARTIES CONTENTIONS**

*Petitioners Contend:*

Petitioners contend that, along with Steven Goldstein, they should be paid their per stripes share of the proceeds of the sheriff sale because the mortgage held by Western Canterbury Corporation is invalid. Petitioners further argue that Louis Goldstein's actions were illegal because he did not have the authority, as Executor, to transfer the property to another entity without paying the heirs or entering in a

---

[1] Del. Super. Ct. Civ. R. 122(a) ("Exceptions [to the Master's Final Report] shall be filed within 10 days after notice of the filing of the final report has been mailed to the attorneys.").

mortgage without paying the loan amount to the heirs. Lastly, petitioners assert that Western Canterbury Corporation cannot asserts its rights because it is voided as a company.

*Western Canterbury Corporation Contends:*

Western Canterbury Corporation contends that the excess proceeds from the sheriff sale should be remitted to Western Canterbury Corporation and applied to the mortgage lean. Western Canterbury Corporation asserts that under Delaware law a mortgage that was recorded more than 40 years earlier is presumed to be paid off and satisfied. However, the Western Canterbury Corporation mortgage is not 40 years old and thus is still valid.

## STANDARD OF REVIEW

Pursuant to Delaware Superior Court Civil Rule 122, "a report by a Master is subject to review by the Court *de novo*. Such *de novo* review may be in whole or in part."[2]

## DISCUSSION

The Court is tasked with whether Petitioners and Steve Goldstein are entitled to receive excess proceeds from the sheriff sale. The determination of whether

---

[2] Del. Super. Ct. Civ. R. 122(c).

Petitioners and Steve Goldstein are entitled to receive excess proceeds from the sheriff sale hinges on whether the mortgage held by Western Canterbury Corporation is valid and enforceable. After careful *de novo* review of the Special Master's Report and Recommendation, the Court adopts it in whole.

Western Canterbury Corporation contends the Mortgage is valid pursuant to 25 Del. C. § 2123(i)(2) because the mortgage was created less then forty years ago. Del. C. § 2123(i)(2) states:

> A mortgagor, grantor, or interested party is entitled to the presumption that a mortgage that is unsatisfied on the public records and remains a lien on real estate has been paid and satisfied if any of the following has occurred… (2) In the absence of any fixed or ascertainable maturity date stated in the mortgage or a modification, extension, or continuance of the mortgage, a lapse of 40 years from the latest of the date of recording of the mortgage or of a modification, extension, or continuance of the mortgage.

Petitioners, however, assert the mortgage is invalid because Western Canterbury Corporation cannot produce evidence to demonstrate it is the mortgagee. Most notably, Petitioners cite *Shrewsbury v. The Bank of New York Mellon* where the Delaware Supreme Court held that "a mortgage is merely a security for a debt, or for the performance of some other obligation."[3] To be enforceable, a mortgage must be supported by a mutually-bargained-for consideration.[4] Here, Western Canterbury

---

[3] *Shrewsbury v. The Bank of New York Mellon*, 160 A.3d 471, 472 (Del. 2017).

[4] *Rudnitsky v. Rudnitsky,* 2000 WL 1724234, at *7 (Del. Ch. 2000) (*citing Continental Ins. Co. v. Rutledge and Co., Inc*., 750 A.2d 1219, 1232 (Del. Ch., 2000)

Corporation has failed to produce any evidence that it is the mortgagee. During discovery Western Canterbury Corporation failed to proffer documents indicating it is the mortgagee and failed to provide testimony from a representative that any funds were borrowed. Additionally, Steven Goldstein, the majority shareholder of Western Canterbury Corporation, testified at the Special Masters hearing that, to his knowledge, documentation indicating Western Canterbury Corporation's right as a mortgagee does not exist. The lack of evidence demonstrating Western Canterbury Corporation's interest as a mortgagee to the Property is enough to show that the mortgage is invalid for lack of consideration.[5] Further the testimony of Lawrence Goldstein is inconsequential to the matter asserted since the absence of evidence demonstrating Western Canterbury Corporation is the mortgagee is enough to render the Western Canterbury Corporation mortgage invalid. Thus, excess proceeds from the sheriff sale should be distributed to Petitioners and Steve Goldstein.

## CONCLUSION

For the foregoing reasons, the Court agrees with the Special Master, and **ADOPTS** the Special Master's Final Report and Recommendation. And, therefore,

---

(stating that Delaware courts "define consideration as a benefit to a promisor or a detriment to a promisee pursuant to the promisor's request")).

[5] *Id.*

the Court **DENIES** Western Canterbury Corporation's Notice of Exceptions to the Special Mater's Final Report and Recommendation.

_/s/ Calvin L. Scott_

**Judge Calvin L. Scott, Jr.**
