IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ROOKER HOLDINGS, LLC,     :
:    K18L-04-020 WLW
Plaintiff,     :
:
v.     :
:
RONALD A. BAZIL a/k/a     :
RONALD BAZIL,     :
:
Defendant.     :

Submitted: January 9, 2020
Decided: April 13, 2020

ORDER

Upon Plaintiff's Motion for Summary Judgment.
*Granted.*

Adam V. Orlacchio, Esquire of Blank Rome LLP, Wilmington, Delaware and Thomas M. Brodowski, Esquire of Blank Rome LLP, Philadelphia, Pennsylvania (*pro hac vice*); attorneys for Plaintiff.

Frances Gauthier, Esquire of Legal Services Corporation of Delaware. Inc., Wilmington, Delaware; attorney for Defendant.

Witham, R.J.

1

## INTRODUCTION

Before the Court are Plaintiff Rooker Holdings, LLC's ("Rooker Holdings") Motion for Summary Judgement, as well as Defendant's Response in Opposition. As the facts stand presently, it appears to the Court that:

## FACTUAL AND PROCEDURAL HISTORY

1. On April 17, 2007, Ronald A. Bazil, Defendant in this case, executed a Promissory Note (the "Note") in the amount of $574,000 in favor of K Bank.[1] On March 10, 2008, Defendant signed a loan Modification Agreement ("First Modification"), which supplemented the contract and replaced the debt obligation of the original Note.[2] On January 21, 2010, he signed another Loan Modification Agreement ("Second Loan Modification"), which, in turn, replaced the debt obligation of the First Modification.[3] Plaintiff, Rooker Holdings, possesses both Modifications.[4] Financial Regulation ordered the closure of K Bank on November 5, 2010, and appointed the Federal Insurance Corporation (the "FDIC") as the receiver for K Bank.[5] During the transfer of files from K Bank to the FDIC, the original Note was lost, misplaced, or destroyed.[6]

2. On September 24, 2012, the FDIC assigned the Mortgage to SFR Venture 2011-1, LLC ("SFR"), which subsequently assigned the Mortgage to SFR Venture

---

[1] Plaintiff's Motion for Summary Judgement ("Pl. Mot.") ¶ 2.

[2] *Id.* at ¶ 5.

[3] *Id.*

[4] *Id.*

[5] *Id.* at ¶ 6.

[6] *Id.*

2011-1 REO, LLC ("REO").[7] On December 21, 2016, REO assigned the Mortgage to Rooker Holdings.[8] Defendant defaulted on the Loan by failing to make a monthly payment on April 1, 2011, and has made no payments since.[9] Plaintiff filed a Foreclosure Complaint on April 12, 2018, and Defendant filed an Answer on September 19, 2018.[10] Defendant also filed a Motion to Dismiss Pursuant to Superior Court Civil Rule 12(b) on October 17, 2019, and Plaintiff responded on October 31, 2019.[11] This Court denied Defendant's Motion to Dismiss and found that Plaintiff had standing to foreclose on the property.[12]

## PARTIES' CONTENTIONS

3. Plaintiff asserts that even though a mortgage holder must also ordinarily possess the note to be able to foreclose according to a recent Delaware Supreme Court case, Rooker Holdings is the only entity that can legally foreclose in this case because the original Note is lost.[13] Plaintiff claims that the Modifications of the original agreement that Rooker Holdings possesses replaced the Note entirely.[14] Plaintiff further states that Defendant lacks standing to challenge the validity of the

---

[7] Plaintiff's Opposition to Defendant's Motion to Dismiss Under Superior Court Rule 12(b)(2) ¶ 6.

[8] *Id.*

[9] *Id.* at ¶ 7.

[10] *Id.* at ¶ 7-8.

[11] *See* Defendant's Motion to Dismiss Under Superior Court Rule 12(b)(2); *see also* Plaintiff's Opposition to Defendant's Motion to Dismiss Under Superior Court Rule 12(b)(2).

[12] *See Rooker Holdings, LLC v. Bazil*, C.A. No. K18L-04-020, Witham, J. (Feb. 10, 2020) (ORDER).

[13] Pl. Mot. ¶ 12.

[14] *Id.* at ¶ 15.

3

assignments involved in this case.[15] Defendant claims that because Plaintiff never possessed the Note, Plaintiff is not entitled to foreclose on the property.[16] He further asserts that the First and Second Modifications did not replace the original Note, and the fact that Plaintiff possesses both of them is irrelevant.[17]

## STANDARD OF REVIEW

4. Summary judgment will be granted when, viewing all evidence in the light most favorable to the nonmoving party, the moving party demonstrates that "there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law."[18] The moving party bears the initial burden of demonstrating the nonexistence of material issues of fact; the burden then shifts to the nonmoving party to show that there are material issues of fact in dispute.[19] The Court views the record in the light most favorable to the nonmoving party.[20] If, after discovery, the nonmoving party cannot make a sufficient showing of the existence of an essential element of the case, then summary judgment must be granted.[21]

---

[15] *Id.* at ¶ 11.

[16] *See* Defendant's Response in Opposition to Plaintiff's Motion for Summary ("Def. Response") ¶ 18.

[17] *Id.*

[18] *Enrique v. State Farm Mutual Auto-Mobile Insurance Co.*, 2015 WL 6330920, at *3 (Del. Super. Oct. 14, 2015) *aff'd* 142 A.3d 506 (Del. 2016) (citing *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991); *see also* Super. Ct. Civ. R. 56(c).

[19] *Bishop v. Progressive Direct Insurance Co.*, 2016 WL 7242582, at *1 (Del. Super. Dec. 15, 2016).

[20] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. Aug. 6, 1979).

[21] *Slaubaugh Farm, Inc., et. al. v. Farm Family Cas. Ins. Co.*, 2018 WL 5473033, at *2 (Oct. 29, 2018) (citing *Burhart*, 602 A.2d at 59 cert. den., 504 U.S. 912 (1992); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986)).

4

However, when material facts are in dispute, or "it seems desirable to inquire more thoroughly into the facts, to clarify the application of the law to the circumstances," summary judgment will not be appropriate.[22]

## DISCUSSION

5. Here, Rooker Holdings is entitled to a judgment as a matter of law because, under the facts of this case, Plaintiff is the only entity that is able to foreclose on Defendant's defaulted loan. Defendant claims that Plaintiff lacks standing to bring the foreclosure action.[23] The Delaware Supreme Court in *Shrewsbury* established that to be able to foreclose on a mortgage, a party must be not only the mortgage holder but also the note holder.[24] In this case, Plaintiff holds the mortgage on Defendant's property, which Plaintiff acquired through a course of assignments. Defendant cannot challenge the validity of these assignments because, as mortgagor and absent special circumstances, Defendant lacks standing to bring such a challenge.[25] The special circumstances include: defendant being a party to the transfer of the mortgage, defendant being a third-party beneficiary, and defendant sustaining legal harm as a result of the transfer.[26] Accordingly, "[b]ecause a promissory note is a negotiable instrument under the [Delaware Uniform

---

[22] *Ebersole v. Lowengrub*, 180 A.2d 467, 468–69 (Del.1962).

[23] *See* Def. Response. ¶ 18.

[24] *Shrewsbury The Bank of New York Mellon*, 160 A.3d 471, 477 (Del. 2017). The Delaware Supreme Court held that a mortgagee was required to be a party entitled to enforce the obligation which the mortgage secured in order to foreclose on the mortgage. Chief Justice Strine, however, stated in his dissent that because 10 *Del. C.* § 5061's language plainly allows foreclosure by the mortgage holder, no additional requirement that a bank must also prove it owns the note is needed.

[25] *Toelle v. Greenpoint Mortgage Funding, Inc.* 2015 WL 5158276 at *3 (Del. Super. Ct. 2015).

[26] *Id.*

5

Commercial Code], it can be transferred freely to another entity via negotiation."[27] Defendant here did not plead any facts that would point out to the existence of the special circumstances. Defendant did not claim to be a party to the transfer of the mortgage, did not claim to be a third-party beneficiary of the transfer, and also did not allege that he sustained some legal harm as a result of the assignments.

6. Furthermore, in this case, the fact that Plaintiff does not hold the original Note does not preclude Plaintiff from bringing this foreclosure action because the Note was lost by the previous holder, Plaintiff holds the two subsequent Note Modifications, *and* Plaintiff also holds the Certification of Lost Promissory Note. The Supreme Court in *Shrewsbury* created a new requirement for mortgage holders to also be in possession of the note to be able to foreclose. However, applying this principle in a *vacuum* and without taking the circumstances of this case into consideration leads to an unequitable result that is contrary to the common practice of buying and selling mortgages on the secondary market. It is clear that the Supreme Court in *Shrewsbury* did not intend for mortgagors to be able to escape their liability entirely and receive free property. If the note is lost, as it is in this case before the Court, a mortgagor may claim that nobody is entitled ever to bring a foreclosure action on the property, regardless of whether the mortgagor is making payments on the borrowed money, unless the original note is found. This argument is inequitable and contrary to common sense and, therefore, it fails.

7. Several courts have held that modifications of an agreement do not replace the original note and are not negotiable instruments on their own.[28] However,

---

[27] *Id.*

[28] *Guniganti v. Kalvakuntla*, 346 S.W.3d 242, 250 (Tex. App. 2011); *Federal Deposit Insurance Corp. v. Parkway Executive Office*, 1997 WL 535164 at *17 (E.D. Pa. Aug. 18, 1997); *see also Dasma Investments, LLC v. Realty Associates Fund III, L.P.* 495 F. Supp. 2d 1294, 1302 (S. D. Fla. 2006).

Plaintiff here also holds a Certification of Lost Promissory Note, which, coupled with the Modifications and assignments involved in this case, entitles Rooker Holdings to foreclose on the property. Under 6 *Del. C.* § 3-309, a person may enforce a lost instrument if the person was in possession of the instrument before, the loss of possession was not the result of a transfer or lawful seizure, and the person cannot reasonably obtain the possession of an instrument.[29] Nevertheless, in this case, Plaintiff obtained a Certification of Lost Promissory Note and is thus able to prove that but for the act that was out of Plaintiff's control, Plaintiff would have owned the original Note.[30] Under the unique facts of this case and taking the *Shrewsbury* decision into consideration, the Certification can be equated to the original Note. Additionally, the fact that Rooker Holdings possesses both of the Note Modifications enables Plaintiff to demonstrate the terms of the contract with Defendant adequately.

## CONCLUSION

8. For the reasons mentioned above, Plaintiff's Motion for Summary Judgement is **GRANTED.**

IT IS SO ORDERED.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

---

[29] 6 *Del. C.* § 3-309.

[30] *See* Defendant's Motion to Dismiss Under Superior Court Rule 12(b)(2) Ex. F. The Certification states that the previous loan holder never received the Note and, after a diligent search, determined that it was lost before the FDIC transferred the loan.