Sidney J. CLARK, Individually, and as Administrator of the Estate of Alma A. Clark, and United States of America, Appellants,

v.

The EQUITABLE LIFE ASSURANCE SOCIETY OF The UNITED STATES, a New York corporation, Appellee.

Supreme Court of Delaware.

Aug. 25, 1971.

* One creditor had obtained a judgment in Pennsylvania.

Sidney J. Clark, pro se.

H. Alfred Tarrant, Jr., of Cooch & Taylor, Wilmington, for appellee.

CAREY and HERRMANN, JJ., and MARVEL, Vice-Chancellor, sitting.

CAREY, Justice:

Appellant Sidney J. Clark, Mortgagor, brings this appeal from a mortgage foreclosure judgment in the Superior Court. The action was commenced by the mortgagee, The Equitable Life Assurance Society, as a result of the failure of the appellant to pay real estate taxes on the property when such taxes became due, as required by the mortgage agreement. Aft-

er trial, the jury returned a verdict in favor of the plaintiff for the mortgage balance. During the trial, appellant made a number of motions which were denied; these denials form the basis for this appeal.

There was evidence at the trial to justify these findings: Mortgagee informed the appellant of its intention to institute a foreclosure action because of his default in the tax payments. Thereafter, the appellant made oral offers to the representative of the mortgagee to pay the taxes if the mortgagee would refrain from instituting the action, but was informed that this offer was not acceptable and that the suit would still be instituted even if the taxes should be paid. The appellant contends that his offer was a tender of payment, and that the trial Court should have granted his request for a charge to the effect that this tender and mortgagee's refusal to accept it constituted a bar to the foreclosure action.

When a foreclosure is predicated upon a clause permitting acceleration of installments because of non-payment of taxes, the majority rule is that payment of those taxes before commencement of the action prevents the operation of the acceleration clause, but payment thereof after commencement of the suit does not bar the foreclosure. Fontana v. Walker, 249 Md. 459, 240 A.2d 268 (1968); 31 A.L.R. 731. We accept this principle as the better rule.

In the present case, appellant did not pay the taxes either before or after suit was commenced. For present purposes, we must assume that he did offer, presumably in good faith, to pay the taxes before the commencement of the suit, but that he did not pay them because he was told that such payment would not stop the foreclosure. We hold that, with respect to the right to accelerate future installments, such an offer is equivalent to actual payment as of the date of the offer. It follows that the requested charge should have been granted.

At the trial, appellant offered into evidence certain ordinances of the City of Wilmington with respect to non-payment of taxes. The Court denied this offer of proof. We fail to see how the Judge's ruling, even if it be incorrect, could affect the outcome of the case. We find no reversible error in this ruling.

Our determination of the appellant's first argument requires a reversal of the judgment.