Raymond F. JEFFERY,
Defendant-Appellant,

v.

SEVEN SEVENTEEN CORPORATION,
a Delaware corporation,
Plaintiff-Appellee.

Supreme Court of Delaware.

Submitted: April 4, 1983.

Decided: May 24, 1983.

</div>

L. Kent Wyatt (argued), of Aerenson & Balick, Wilmington, for defendant-appellant.

Charles Gruver, III (argued), Richard K. Herrmann of Bayard, Brill & Handelman, P.A., for plaintiff-appellee.

Before McNEILLY, HORSEY and MOORE, JJ.

PER CURIAM:

Defendant-mortgagor (borrower) appeals Superior Court's grant of summary judgment on a mortgage foreclosure action to plaintiff-mortgagee (lender) and denial of his cross motion for summary judgment.

As of April 15, 1981, borrower was in breach of the terms of his mortgage instrument with lender for failure to pay several years of city and county real estate taxes.

The mortgage instrument contained an acceleration clause providing for the immediate payment of the principal debt in the event of 30 days default in the payment of principal, interest, insurance or taxes. On May 4, 1981, lender gave borrower written notice stating it was exercising its option to accelerate the entire debt due under the mortgage. It also stated, "If payment of this obligation is not made within the next fifteen (15) days, foreclosure action will be commenced."

On May 5 or 6, 1981, borrower's attorney telephoned lender's President and asked him to reconsider and withdraw the May 4 letter-demand for immediate payment of the principal balance. Lender's President declined to withdraw the demand for immediate payment. Borrower's attorney expressed no willingness to pay off the accelerated debt then or within the fifteen day period; nor did he offer to tender on borrower's behalf the delinquent taxes. Borrower simply claimed that foreclosure was "unfair."

On May 8, 1981, lender filed a mortgage foreclosure suit against borrower. Without purportedly knowing that foreclosure had begun, borrower paid the delinquent real estate taxes on May 13, 1981. By then, lender had accelerated the debt and filed the mortgage foreclosure action.

\* \* \*

The appeal presents two questions: (a) whether borrower's payment of the delinquent taxes after lender's acceleration of the debt and commencement of the foreclosure action bars lender from invoking the mortgage acceleration clause under *Clark v. Equitable Life Assurance Society of the United States,* Del.Supr., 281 A.2d 488 (1971); and, if not, (b) whether the 15 day proviso of lender's May 4 letter estopped lender from commencing a foreclosure action on May 8, 1981.

 A lender may accelerate a mortgage for a default in payments on principal, interest or taxes if provided for in the mortgage contract. *Clark v. Equitable Life Assurance Society, supra.* The purpose of an acceleration clause is solely to protect the lender. If it has good reason to believe that breach of borrower's covenant to pay

taxes is so serious as to impair its security, lender has a right to foreclose, *Fontana v. Walker,* Md.App., 249 Md. 459, 240 A.2d 268, *cert. denied* 393 U.S. 927, 89 S.Ct. 262, 21 L.Ed.2d 263 (1968) (cited with approval in *Clark v. Equitable Life Assurance Society,* 281 A.2d at 489).

■ Borrower erroneously asserts that this case falls within the rule of *Clark v. Equitable Life Assurance Society, supra.* In *Clark,* this Court adopted the majority rule that payment of delinquent taxes *before* the commencement of a foreclosure action forestalls acceleration of installments for non-payment of taxes. Here, since the tax payment followed foreclosure, payment is no bar to foreclosure. *Clark v. Equitable Life Assurance Society,* 281 A.2d at 489; *Fontana v. Walker, supra.*

■ Before Superior Court, borrower argued in the alternative that the doctrine of equitable estoppel applied to prevent lender from proceeding with its foreclosure suit on May 8, 1981. Borrower argued that since all tax delinquencies were paid prior to the expiration of the fifteen day grace period contained in plaintiff's May 4 notification letter, foreclosure was barred under the rule of *Clark v. Equitable Life Assurance Society, supra.* The Superior Court held that defendant had failed to establish the elements of equitable estoppel so as to bar foreclosure.[1]

On appeal, borrower abandons his claim of equitable estoppel. Instead, borrower urges this Court to find the facts of this case to fall under the doctrine of promissory estoppel. Lender contends that our Rule 8 bars assertion of this new contention. Bor-

rower responds that the "difference in the new defense is one of degree rather than kind" and that he should be permitted to assert an estoppel theory that "more nearly fits the facts of this case" on appeal. We cannot agree.

■ The concept of equitable estoppel is distinct from the doctrine of promissory estoppel and involves the establishment of different elements. *Wilson v. American Insurance Company,* Del.Supr., 209 A.2d 902 (1965); *Brandywine Shoppe, Inc. v. State Farm Fire and Cas. Co.,* Del.Super., 307 A.2d 806 (1973). Delaware courts have consistently recognized and adhered to the distinctions between the two doctrines. *Haveg Corporation v. Guyer,* Del.Supr., 226 A.2d 231 (1967); *Reeder v. Sanford School, Inc.,* Del.Super., 397 A.2d 139 (1979); *Scott-Douglas Corp. v. Greyhound Corp.,* Del.Super., 304 A.2d 309 (1973). Since the concepts are different, borrower's failure to raise promissory estoppel before the Trial Court precludes raising the issue on appeal. Rule 8.[2]

■ Defendant's final argument, that foreclosure was unconscionable, is also barred by Supreme Court Rule 8. Unconscionability is an affirmative defense which must be raised in an answer to a complaint. *See* Superior Court Civil Rule 8(c).[3] Defendant did not plead this defense in its answer and therefore cannot raise it on appeal. *City of Wilmington v. Spencer,* Del.Supr., 391 A.2d 199 (1978).

■ Superior Court's decision not to "address" defendant's unconscionability argument does not prevent this Court from ap-

---

1. Superior Court correctly held that defendant failed to establish the elements of equitable estoppel. Borrower was obviously aware of the acceleration clause and the terms under which it could become operable. Borrower knowingly failed to take advantage of the 15 day period provided by lender for repayment of the accelerated debt. In paying the back taxes he already owed, borrower did not change his position.

2. Supreme Court Rule 8 provides:
 Only questions fairly presented to the trial court may be presented for review; provided,

however, that when the interests of justice so require, the Court may consider and determine any question not so presented.

3. Superior Court Civil Rule 8(c) provides, in pertinent part:
 (c) *Affirmative Defenses.* In pleading to a preceding pleading, a party shall set forth affirmatively ... estoppel ... and any other matter constituting an avoidance or affirmative defense.

plying Superior Court's rules of pleading to find a waiver of the affirmative defense.

\* \* \*

Affirmed.