# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AZADIAN GROUP, LLC, a Delaware limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | C.A. No. N19C-04-235 CLS |
| TENX GROUP, LLC, a Delaware limited liability company, JAMES V. PUNELLI, individually, and RAYMOND C. JONES, individually, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Date Submitted: September 24, 2019
Date Decided: November 13, 2019

*Upon Plaintiff Azadian Group, LLC's Motion for Summary Judgment*
**Granted.**

Samuel L. Moultrie, Esquire, Greenberg Traurig, LLP, Wilmington, Delaware, Attorney for Plaintiff.

Steven T. Margolin, Esquire, Greenberg Traurig, LLP, Wilmington, Delaware, Attorney for Plaintiff.

Rolando Diaz, Esquire, Dunlap, Bennett & Ludwig, PLLC, Wilmington, Delaware, Attorney for Defendants.

Tracy L. Pearson, Esquire, Dunlap, Bennett & Ludwig, PLLC, Wilmington, Delaware, Attorney for Defendants.

**SCOTT, J.**

1

On September 20, 2019, Defendant TenX Group, LLC—now known as Panthera Enterprises, LLC—filed a Suggestion of Bankruptcy with this Court. Accordingly, the proceedings against Panthera Enterprises, LLC/TenX Group, LLC have been STAYED.

Before the Court is Plaintiff Azadian Group, LLC's ("Plaintiff") Motion for Summary Judgment. For the following reasons, Plaintiff's motion is GRANTED.

## Background

On April 25, 2019, Plaintiff filed this action against Defendants James V. Punnelli and Raymond C. Jones ("Defendants"), alleging breach of contract. On December 20, 2018, the parties entered into a Settlement Agreement. Plaintiff alleges Defendants failed to pay $86,829.00 on or before January 30, 2019, as required by the Settlement Agreement.

## Parties' Assertions

On July 23, 2019, Plaintiff filed this motion for summary judgment. Plaintiff argues that summary judgment is proper on all of Defendants' affirmative defenses because Defendants contractually waived their right to defend against any action Plaintiff would file to enforce the Settlement Agreement. Plaintiff points out that Defendants admitted to breaching the terms of the Settlement Agreement. Plaintiff argues that summary judgment in its favor is appropriate because the terms of the Settlement Agreement are unambiguous.

On September 5, 2019, Defendants filed their response. Defendants contend that Plaintiff relies in error on *Great Lakes Chemical Corp. v. Pharmacia Corp.* for the proposition that Defendants waived all defenses. *Pharmacia Corp.*, Defendants argue, concerned express disclaimers in a purchase agreement that prohibited claims for fraud. Defendants further argue that Plaintiff waived its right to assert the waiver-of-defenses clause because Plaintiff served process on Defendants via Federal Express after Defendants moved to dismiss for insufficient service of process.[1] Finally, Defendants argue that the Settlement Agreement is unenforceable based on the doctrine of unconscionability.

Plaintiff filed a letter with the Court on September 16, 2019 making additional arguments in support of its position. Because this Court never gave Plaintiff formal permission to file a reply brief, the Court has not taken into account the arguments Plaintiff raised in the letter of September 16.

### Standard of Review

Under Superior Court Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[2] Summary judgment will not be granted if material facts are in dispute or if "it seems desirable to inquire more thoroughly into

---

[1] On November 4, 2019, the Court denied Defendants' motion to dismiss.
[2] Super. Ct. Civ. R. 56(c).

3

the facts to clarify the application of the law to the circumstances."[3] This Court

considers all of the facts in a light most favorable to the non-moving party.[4]

## Discussion

### A.    Defendants' Breach of the Settlement Agreement

Plaintiff sued Defendants for one count:   Breach of Agreement.[5]   Under

Delaware law, the elements of a breach of contract claim are:   1) a contractual

obligation; 2) a breach of that obligation; and 3) resulting damages.[6]   Plaintiff and

Defendants entered into a Settlement Agreement.   Pursuant to the terms of this

Settlement Agreement, Defendants were obligated to pay Plaintiff $86,829.00 on or

before January 30, 2019.[7]   Defendants did not make this payment.[8]   Defendants'

failure to pay constitutes a breach of the Settlement Agreement, as expressly laid out

in Paragraph 3(a)(i) of the Agreement.[9]

Plaintiff suffered damages as a result of Defendants' breach.   The Settlement

Agreement superseded two previous agreements between the parties where Plaintiff

---

[3] *Infante v. Horizon Servs., Inc.*, 2019 WL 3992101, at *1 (Del. Super. Aug. 23, 2019); *Triumph Mortg. Corp. v. Glasgow Citgo, Inc.*, 2018 WL 1935968, at *3 (Del. Super. Apr. 19, 2018).
[4] *Infante*, 2019 WL 3992101, at *1; *Triumph Mortg. Corp.*, 2018 WL 1935968, at *3.
[5] Compl. 4–5.
[6] *Interim Healthcare, Inc. v. Spherion Corp.*, 884 A.2d 513, 548 (Del. Super. 2005).
[7] Compl. Ex. A, ¶ 2(b).
[8] Answer ¶ 15.
[9] Compl. Ex. A, ¶ 3(a)(i).

4

agreed to buy future receivables from Defendants. Plaintiff paid Defendants for these receivables. Plaintiff did not receive $126,829.00 of these receivables.[10] In order to try to "avoid the expense and inconvenience of legal proceedings," Plaintiff and Defendants entered into the Settlement Agreement.[11] In this Settlement Agreement, Defendants agreed to pay Plaintiff $126,829.00 for the receivables that it never transferred to Plaintiff.[12] Plaintiff has been damaged by Defendants breach; Plaintiff has paid for items which it did not receive from Defendants and has not been repaid for those items.

There is no genuine dispute of material fact regarding Plaintiff's breach of contract claim. Defendants admit that they entered into the Settlement Agreement with Plaintiff and admit that they did not pay $86,829.00 on or before January 30, 2019.[13] It is clear from the terms of the Settlement Agreement that Defendants' failure to make this payment constitutes a breach of the Agreement.

At issue is whether or not Plaintiff is entitled to judgment as a matter of law.

B.      **Unconscionability of the Settlement Agreement**

A contract is unconscionable when "no man in his senses and not under delusion would make [it] on the one hand, and no honest or fair man would accept

---

[10] Compl. Ex. A.
[11] Compl. Ex. A.
[12] Compl. Ex. A, ¶ 2.
[13] Answer ¶¶ 12, 15.

5

[it], on the other."[14] Unconscionability is an affirmative defense which must be raised in an answer to a complaint.[15] Defendants did not list unconscionability as one of their affirmative defenses in their Answer. Accordingly, Defendants are precluded from raising the doctrine of unconscionability now.

## C. Plaintiff's Waiver of the Waiver-of-Defenses Clause

Although waiver is an equitable defense, it "has been, for some time, used at law as a valid defense to contract suits."[16] Waiver is the voluntary and intentional relinquishment of a known right. The standards for proving waiver are "quite exacting," and the facts relied upon to prove waiver must be unequivocal.[17] Three elements must be satisfied before this Court will conclude a party has waived a contractual provision: 1) there is a requirement or condition to be waived; 2) the waiving party knows of the requirement or condition; and 3) the waiving party intended to waive that requirement or condition.[18]

---

[14] *Tulowitzki v. Atl. Richfield Co.*, 396 A.2d 956, 960 (Del. 1978).
[15] Super. Ct. Civ. R. 8(c); *Jeffery v. Seven Seventeen Corp.*, 461 A.2d 1009, 1011 (Del. 1983); *BAC Home Loans Servicing v. Brooks*, 2012 WL 1405703, at *3 n.10 (Del. Super. Feb. 3, 2012); *see Cannelongo v. Fidelity America Small Bus. Inv. Co.*, 540 A.2d 435, 440 (Del. 1988) ("The failure to timely assert an affirmative defense constitutes waiver of the right to do so.").
[16] *USH Ventures v. Global Telesystems Grp., Inc.*, 796 A.2d 7, 19 (Del. Super. 2000).
[17] *AeroGlobal Capital Mgmt., LLC v. Cirrus Indus., Inc.*, 871 A.2d 428, 444 (Del. 2005).
[18] *Id.*

6

In the instant case, there is a requirement or condition to be waived—the waiver-of-defenses clause—and Plaintiff had knowledge of this requirement or condition. The waiver-of-defenses clause is found in Paragraph 7 of the Settlement Agreement. In Paragraph 7, Defendants agreed to "waive any defenses that may be available to them at law or equity as to any action filed against them by [Plaintiff]."[19] Plaintiff and Defendants both signed the Settlement Agreement, which evidences Plaintiff's knowledge of Paragraph 7. The crux of Defendants' waiver argument turns on whether or not Plaintiff intended to waive Paragraph 7.

Defendants contend that Plaintiff waived its right to assert Paragraph 7 when Plaintiff served Defendants with process via Federal Express after Defendants filed a motion to dismiss with this Court based on insufficient service of process. In Paragraph 19 of the Settlement Agreement, both parties agreed to send all process via Federal Express. Contrary to that provision, Plaintiff originally served Defendants via certified mail. At its core, Defendants' argument is that: Plaintiff waived its right to assert Paragraph 7 because it re-served Defendants with process instead of relying on Paragraph 7 to dispose of Defendants' motion to dismiss.

The Court finds that Plaintiff did not intend to waive Paragraph 7. "[A]n intention to waive must appear clear from the record evidence before summary

---

[19] Compl. Ex. A., ¶ 7.

7

judgment is granted on this issue."[20] At most, Plaintiff's actions *might* reasonably be construed as a waiver of *Paragraph 6*, where Defendants agreed to "waive any and all available defenses with regard to service of process."[21] It is not reasonable to construe Plaintiff's decision to re-serve process on Defendants as a waiver of Paragraph 7. This Court reads a contract as a whole and gives effect to all provisions of the contract.[22] If the Court reads Paragraph 7 to cover defenses regarding service of process, then Paragraph 6 would be rendered superfluous. This Court declines to read Paragraph 7 in such a manner. Plaintiff's act of re-serving process on Defendants does not manifest an intent to waive the provisions of Paragraph 7.

## D.    Judgment as a Matter of Law

The Court respects the freedom of contract and will uphold clear and unambiguous contracts between sophisticated parties.[23] Paragraph 7 prevents Defendants from raising any defenses to Plaintiff's claim.[24] Thus, Defendants waived their ability to raise all of the affirmative defenses listed in their Answer.

---

[20] *AeroGlobal Capital Mgmt., LLC*, 871 A.2d at 445.
[21] Compl. Ex. A, ¶ 6.
[22] *Sonitrol Holding Co. v. Marceau Investissements*, 607 A.2d 1177, 1184 (Del. 1992); *Troumouhis v. State*, 2006 WL 1579776, at *4 (Del. Super. May 31, 2006).
[23] *NACCO Indus., Inc. v. Applica, Inc.*, 997 A.2d 1, 35 (Del. Ch. 2009).
[24] This Court finds the language used in the waiver-of-defenses clause to be clear and unambiguous. Accordingly, the Court shall give effect to the clause's plain-meaning. *Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1159–60 (Del. 2010).

Defendants may not assert any of their affirmative defenses. Also, Defendants admitted that they failed to pay $86,829.00 to Plaintiff, as per the terms of the Settlement Agreement. Therefore, Plaintiff is entitled to judgment as a matter of law.

## Conclusion

For the aforementioned reasons, there are no genuine disputes of material fact and Plaintiff is entitled to judgment as a matter of law. Accordingly, Plaintiff's Motion for Summary Judgment is **GRANTED.**

**IT IS SO ORDERED.**

                                                   **The Honorable Calvin L. Scott, Jr.**