# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. K23L-08-017 NEP |
| | ) | |
| RANSFORD ARKOH, KOU LILA SUMWABE, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted:  April 4, 2025
Decided:  June 25, 2025

## <u>MEMORANDUM OPINION AND ORDER</u>

***Upon Plaintiff's Motion for Summary Judgment Against Defendant Kou Lila Sumwabe***

**GRANTED**


Catherine Di Lorenzo, Esq., and Daire Pyle, Esq., Stern & Eisenberg, PC, Newark, Delaware, *Attorneys for Plaintiff.*

Frances Gauthier, Esq., Legal Services Corporation of Delaware, Inc., Wilmington, Delaware, *Attorney for Defendant Kou Lila Sumwabe.*

**Primos, J.**

## INTRODUCTION

Plaintiff Carrington Mortgage Services, LLC ("Plaintiff"), moves for summary judgment against Defendant Kou Lila Sumwabe ("Sumwabe") in this mortgage foreclosure action. Sumwabe owns the property at issue as a joint tenant with Defendant Ransford Arkoh ("Arkoh"), who has never entered an appearance or otherwise defended in this Court. Sumwabe opposes summary judgment, arguing that Plaintiff has failed to demonstrate its right to enforce the mortgage and the note securing it, and that there are material disputes of fact concerning Plaintiff's alleged failure to provide her various notices and statements before filing the instant action. The Court concludes that Plaintiff's standing in this matter is undisputed, and that Sumwabe's other arguments fail either because she has failed to develop competent evidence or because her factual assertions, if proven, would not support her defense. Thus, Sumwabe has failed to identify any dispute of fact material to her plea in avoidance and cannot show cause why the foreclosure should not move forward. Accordingly, Plaintiff's motion for summary judgment is **GRANTED.**

## I.    BACKGROUND[1]

On September 15, 2021, Arkoh and Sumwabe (together, "Defendants"), as joint tenants, executed a mortgage (the "Mortgage") naming United Wholesale Mortgage, LLC ("United"), as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the mortgagee "solely as nominee for Lender and Lender's successors and assigns."[2] Also on September 15, 2021, Arkoh executed a note securing the mortgage (the "Note").[3] Paragraph 19 of the Mortgage provides for the lender's right to sell the Note one or more times without prior notice.[4]

---

[1] Citations in the form of "D.I. ___" refer to docket items.
[2] Compl. Ex. F (D.I. 1).
[3] Compl. Ex. G (D.I. 1).
[4] Compl. Ex. F (D.I. 1).

On July 7, 2022, Plaintiff mailed a demand letter to Arkoh at the property subject to the mortgage (the "Subject Property").[5] The letter alerted Arkoh that he was in default due to non-payment.[6] It also indicated that "[f]ailure to cure the delinquency within 30 days of the date of this letter may result in acceleration of the sums secured by the Deed of Trust or Mortgage, foreclosure by judicial proceedings, and sale of the property."[7] On April 10, 2023, Plaintiff mailed Defendants a Notice of Intent to Foreclose ("NOI"), with copies to the Subject Property and another property in Darby, Pennsylvania, where Arkoh is believed to have resided (the "Pennsylvania Address").[8] The NOI contained all information required by 10 *Del. C.* § 5062B and was, as required by that statute, mailed by both first class and certified mail.[9] Plaintiff's counsel also mailed Arkoh the notice required by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(g)(a).[10] Although this notice was mailed to both the Subject Property and the Pennsylvania Address, Sumwabe was not identified as a recipient by either mailing.[11]

On August 4, 2023, MERS, as nominee for United, formally assigned the Mortgage to Plaintiff.[12] On August 16, 2023, Plaintiff filed a complaint in this Court (the "Complaint") seeking to foreclose on the Mortgage.[13] On August 18, 2023, the assignment was recorded with the Kent County Recorder of Deeds.[14]

After filing the Complaint, Plaintiff struggled to serve Defendants. On August 31, 2023, Sheriff's service on the Subject Property was returned *non est* as to both

---

[5] Pl.'s Mot. for Summ. J. Ex. E (D.I. 24).
[6] *Id.*
[7] *Id.*
[8] *Id.* Ex. D; Compl. Ex. E (D.I. 1) (affidavit of compliance).
[9] Pl's Mot. for Summ. J. Ex. D (D.I. 24); Compl. Ex. E (D.I. 1).
[10] Pl.'s Mot. for Summ. J. Ex. F (D.I. 24).
[11] *Id.*
[12] Compl. Ex. H (D.I. 1).
[13] *See generally* Compl. (D.I. 1).
[14] Pl.'s Mot. for Summ. J. Ex. C (D.I. 24).

Defendants because, per the Sheriff, neither borrower lived at that address, and it was instead occupied by tenants. [15] On September 7, 2023, Plaintiff requested an alias writ for Sumwabe at another address in New Jersey, and the Prothonotary issued an alias summons the same day. [16] The Court issued the alias writ for Sumwabe on September 29, 2023.[17] On October 30, 2023, Plaintiff's counsel swore out an affidavit that Arkoh had received service of the Complaint by mail on September 13, 2023.[18] Sumwabe's receipt was not confirmed despite similar efforts to serve her by mail.[19] On December 5, 2023, the Sheriff posted a certified copy of the alias writ on the Subject Property.[20] On December 6, 2023, the Sheriff sent Sumwabe another certified copy of the alias writ by both certified and first class mail to the Subject Property.[21] Plaintiff filed a request to cancel mediation on the ground that the Subject Property was not owner-occupied,[22] and Defendants subsequently engaged with the mediation process.[23] Sumwabe now claims to reside in the Subject Property.

Following the parties' failure to come to agreement through mediation,[24] Sumwabe's counsel filed an entry of appearance[25] and an answer to the Complaint, asserting a plea in avoidance,[26] on August 5, 2024. No appearance was entered on behalf of Arkoh.

---

[15] D.I. 4; D.I. 5.
[16] D.I. 6.
[17] D.I. 7.
[18] D.I. 8, ¶ 4.
[19] *Id.* at ¶ 5.
[20] D.I. 12.
[21] *Id.*
[22] D.I. 13.
[23] D.I. 16.
[24] D.I. 21.
[25] D.I. 22.
[26] D.I. 23.

On January 28, 2025, Plaintiff directed entry of judgment against Arkoh.[27] On the same date, Plaintiff filed a motion for summary judgment against Sumwabe.[28] On February 11, 2025, Sumwabe filed a response to Plaintiff's motion.[29]

The Court held oral argument on Plaintiff's motion on April 4, 2025, and reserved judgment pending this written decision.[30]

## II.    ANALYSIS

### A. Standard of review

Under Delaware law, a mortgagee may initiate a *scire facias sur* mortgage action in the Superior Court, which commences an *in rem* proceeding to foreclose on the mortgage.[31]  "A writ of *scire facias sur* is, in essence, 'a rule to show cause that requires the mortgagor to appear and establish why the mortgagee should not be allowed to foreclose.'"[32]  Thus, the burden is on the mortgagor to establish why the property should not be seized and sold to pay the note.[33]  The only defenses that a defendant may assert are payment, satisfaction, or a plea in avoidance.[34]  Defenses that do not relate to the mortgage itself are not properly raised.[35]

On summary judgment, the movant bears the burden of establishing the non-

---

[27] D.I. 26.

[28] D.I. 24.

[29] D.I. 30.

[30] D.I. 35 (judicial action form).

[31] *Wells Fargo Bank, NA v. Banning*, 2021 WL 212750, at *3 (Del. Super. Jan. 21, 2021) (citing 10 *Del. C.* § 5061; *JPMorgan Chase Bank v. Hopkins*, 2013 WL 5200520, at *2 (Del. Super. Sept. 12, 2013)).

[32] *Id.* (quoting *LSF9 Master Participation Tr. v. Tucker*, 2017 WL 1407995, at *4 (Del. Super. Apr. 19, 2017), *aff'd sub nom.*, *Matter of El*, 168 A.3d 673, 2017 WL 2982117 (Del. July 12, 2017) (ORDER)).

[33] *McCafferty v. Wells Fargo Bank, N.A.*, 105 A.3d 989, 2014 WL 7010781, at *2 (Del. Dec. 8, 2014) (ORDER) (citing 10 *Del. C.* § 3901).

[34] *MidFirst Bank v. Mullane*, 2023 WL 5663252, at *2 (Del. Super. Aug. 31, 2023) (citing, *inter alia*, *Shrewsbury v. The Bank of New York Mellon*, 160 A.3d 471, 475 (Del. 2017)).

[35] *McCafferty*, 2014 WL 7010781, at *2 (citing *Harmon v. Wilmington Tr. Co.*, 1995 WL 379214 (Del. June 19, 1995) (ORDER)).

existence of material issues of fact.[36]   If the movant meets this burden, the non-movant must demonstrate that a dispute of material fact exists.[37]   "[T]he party opposing summary judgment must come forward with admissible evidence, other than mere denials, showing the existence of a genuine issue of fact."[38]

> Disputes regarding immaterial issues of fact will not preclude summary judgment.  If the disputed facts could have no bearing on the analysis or resolution of the parties' claims, then any such disputed facts are immaterial.[39]

It follows that to be material and therefore preclude summary judgment in a foreclosure action, a disputed fact must relate to one of the three recognized defenses to foreclosure.[40]

Specifically, in this case, Sumwabe must provide evidence that there is a dispute of material fact relevant to her proffered defense, a plea in avoidance.  "Such plea admits the allegations of the complaint but asserts matter which destroys the

---

[36] *Bank of Am., N.A. v. Ireland*, 2017 WL 2779701, at *2 (Del. Super. June 23, 2017) (citing *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979)).

[37] *Id.* (citing *Moore*, 405 A.2d at 681).

[38] *Banning*, 2021 WL 212750, at *4 (citing *Kennedy v. Giannone*, 527 A.2d 732, 1987 WL 37799, at *1 (Del. June 16, 1987) (ORDER)); *accord Tucker*, 2017 WL 1407995, at *5; *WBCMT 2006-C29 Off. 2450, LLC v. Chestnut Run Inv., LLC*, 2015 WL 4594538, at *6, 8 (Del. Super. July 30, 2015)).

[39] *1205 Coastal, LLC v. Cove Owners Ass'n, Inc.*, 2024 WL 324895, at *3 (Del. Super. Jan. 29, 2024) (citing *Brzoska v. Olson*, 668 A.2d 1355, 1365 (Del. 1995); *State Farm Mut. Auto. Ins. Co. v. Mundorf*, 659 A.2d 215, 217 (Del. 1995)).

[40] *Wilmington Sav. Fund Soc'y, FSB as Tr. for Fin. of Am. Structured Sec. Acquisition Tr. 2018-HB1 v. Bailey*, 2023 WL 107393, at *1 (Del. Super. Jan. 4, 2023) (defendant's claim of fraud did not make out a plea in avoidance because it did not relate to the validity of the initial mortgage transaction, and therefore "there [was] no dispute to material facts and Defendant [was] unable to raise any of the recognized defenses," which entitled plaintiff to judgment as a matter of law); *Hopkins*, 2013 WL 5200520, at *2–3 (defendant's contention that plaintiff's "'instructions to stop payment[;] [plaintiff's] prolonged modification process; the federal government's investigation into modification procedures[;] and [plaintiff's] halt on all loan modification applications' caused her to fall into arrears" failed to raise a dispute of material fact) (some modifications in original); *see also generally Ireland*, 2017 WL 2779701 (Defendant's argument that he was "denied his right to cure the default and reinstate the loan under 10 *Del. C.* § 5062B(a)(3)b.4." did not preclude summary judgment because it did not "relate to the terms of the mortgage itself.").

effect of the allegations and defeats the plaintiff's right."[41]  A plea in avoidance "must relate to the subject matter of the complaint," and valid pleas include "act of God, assignment of cause of action, conditional liability, discharge, duress, exception or proviso of statute, forfeiture, fraud, illegality of transaction, nonperformance of condition precedent, ratification, unjust enrichment and waiver."[42]

### B. Plaintiff undisputedly has standing to enforce the Note.

A claim that a plaintiff lacks standing "to enforce the debt which the mortgage secures is 'one possible plea in avoidance.'"[43]  "Standing must exist at the time the action is commenced."[44]  In *Shrewsbury v. The Bank of New York Mellon*, the Delaware Supreme Court established that, to have standing in a mortgage foreclosure action, the plaintiff must be entitled to enforce the note, because others "suffer[] no injury by the mortgagor's nonperformance."[45]  Under 6 *Del. C.* § 3-301, the holder of a note is entitled to enforce it and therefore has standing under *Shrewsbury*.[46]

The record contains no evidence that Plaintiff lacks standing to bring the instant action, and Sumwabe conceded at oral argument that Plaintiff was the holder of the Note at the time Plaintiff filed the Complaint.  Prior to filing the Complaint, Plaintiff was in possession of the Note and had been assigned the Mortgage.  Two

---

[41] *Shrewsbury*, 160 A.3d at 475 (quoting *Gordy v. Preform Bldg. Components, Inc.*, 310 A.2d 893, 895 (Del. Super. 1973)).
[42] *Id.* (quoting *Gordy*, 310 A.2d at 895).
[43] *Deutsche Bank Tr. Co. Am. For Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS5 v. Poston*, 2018 WL 4042824, at *1 (Del. Super. Aug. 23, 2018) (quoting *Shrewsbury*, 160 A.3d at 478).
[44] *Id.* (citing *Smith v. Guest*, 16 A.3d 920, 934 (Del. 2011) (en banc)).
[45] 160 A.3d at 477–78; *see also Mott v. Bank of New York Mellon*, 220 A.3d 245, 2019 WL 4879841, at *4 (Del. Oct. 2, 2019) (ORDER) (describing the Court's analysis under *Shrewsbury* as resolving "the standing issue.").
[46] *Tolliver v. U.S. Bank Nat'l Ass'n as Legal Tr. for Truman 2016 SC6 Title Tr.*, 228 A.3d 690, 2020 WL 2095830, at *2 (Del. Apr. 29, 2020) (ORDER).

days after filing the Complaint, Plaintiff recorded the Mortgage. There is no requirement under Delaware law for a mortgage to be recorded before a *scire facias sur* mortgage action is commenced. Indeed, even a non-holder "in possession of [a note] may enforce [its] rights . . . if the party has physical possession, if the intent in transferring physical possession of the instrument was to deliver the right to enforce [it], and if actual delivery [thereof] was accomplished."[47] Recording a mortgage is evidence of the requisite intent.[48] Thus, even if the Mortgage had not yet been assigned, and even had Sumwabe not conceded that Plaintiff held the Note at the critical time, Plaintiff would still have standing. In this case, there is no question that Plaintiff has the right to enforce the Note.

Relatedly, in opposing Plaintiff's motion for summary judgment, Sumwabe contends that Plaintiff may not foreclose unless it possesses the original Note.[49] Delaware law does not impose any requirement for a foreclosure plaintiff to produce the original note.[50] To the extent that there is a distinction between possessing and producing a note, it has no significance to this case.

Although not clearly stated, Sumwabe's written objections appear to use the fact that MERS was designated as the mortgagee and the assertion that "[t]he Note was [instead] delivered to United" to cast doubt on Plaintiff's possession of the original Note.[51] "Delaware Courts show little appetite for invalidating mortgage

---

[47] *Bank of New York Mellon as Tr. for the Certificateholders of CWALT, Inc. v. Pat Tang*, 2019 WL 1091156, at *6 (Del. Super. Mar. 8, 2019) (citing 6 *Del. C.* §§ 1-201(b)(21)(A), 3-203(a); *WBCMT*, 2015 WL 4594538, at *7).

[48] *Id.* (citing *WBCMT*, 2015 WL 4594538, at *8).

[49] Def. Kou Lila Sumwabe's Objection to Motion for Summary Judgment (hereinafter "Sumwabe's Objection") 2.

[50] *Mott*, 2019 WL 4879841, at *3 ("[T]he documents in the record indicate that the Bank holds both the Mortgage and the Note, and that it held them at the time that it initiated this foreclosure action . . . . The Bank is not required to produce the original note in order to foreclose.").

[51] Sumwabe's Objection 1.

assignments merely because they were assigned by MERS."[52]  This case provides no justification for breaking from that practice.  At oral argument, Plaintiff's counsel represented that Plaintiff possessed the original Note and that it had been made available for Sumwabe's review.  Sumwabe did not contest that she had this opportunity, but she apparently did not take advantage of it.  As such, Sumwabe forfeited the opportunity to develop any evidence that the Note in Plaintiff's possession is *not* the original.[53]  On this record, the Court has no basis to conclude that there is any dispute of fact, and need not determine whether such dispute could be considered material to this action.

### C. Plaintiff's alleged failure to notify Sumwabe of its intent to accelerate is immaterial because such failure would not support Sumwabe's plea in avoidance.

Sumwabe objects that the July 7, 2022, letter from Plaintiff's Counsel, indicating Plaintiff's intent to accelerate the Mortgage, was not addressed to her, but only to Arkoh.[54]  Paragraph 14 of the Mortgage provides that "[n]otice to one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise."[55]  Sumwabe is not named by, and did not execute, the Note. Even if Plaintiff were legally obligated to provide Sumwabe notice of acceleration on these facts (a decision the Court need not reach), Plaintiff's failure to do so would not preclude summary judgment because such failure would be immaterial to Sumwabe's defense.  "Delaware law is clear that the filing of a *scire facias sur* mortgage action 'constitutes notice of the most unequivocal character that the

---

[52] *Tang*, 2019 WL 1091156, at *2 (citing *Toelle v. Greenpoint Mortg. Funding, Inc.*, 2015 WL 5158276, at *5 (Del. Super. Apr. 20, 2015)).

[53] *Cf. Bendfeldt v. HSBC Mortg. Corp. (USA)*, 2014 WL 4978666, at *1 (Del. Oct. 7, 2014) (en banc) (affirming default judgment in favor of plaintiff that attached a copy of the note to its brief and offered to produce the original upon request).

[54] Sumwabe's Objection 3–4.

[55] Compl. Ex. F (D.I. 1).

mortgagee wishes to avail himself of the acceleration provision of the mortgage.'"[56] Thus, by filing the instant action, Plaintiff provided Sumwabe the precise notice to which she asserts she was entitled.

In *CitiMortgage, Inc. v. Kine*, the Superior Court rejected an argument substantively identical to the one Sumwabe makes.[57] Although the *Kine* plaintiff claimed to have sent the defendant an acceleration letter, the defendant countered that she had not received it.[58] The Court noted that as the letter was attached to the plaintiff's motion for summary judgment, "at some point, Plaintiff [sic] received the letter."[59] The Court held that "[t]he purpose of an acceleration clause is solely to protect the lender."[60] Thus, failure to provide notice of acceleration did not preclude foreclosure.

The Superior Court similarly rejected the position Plaintiff now takes in *Wilmington Savings Fund Society, FSB for Ventures Trust v. Gillette*,[61] and this decision was affirmed by the Supreme Court.[62] As in *Kine*, the Superior Court relied on Delaware courts' consensus that the filing of a foreclosure action is notice of intent to accelerate.[63] For this reason, there was "no need to consider whether the notice [the plaintiff sent] met the requirements of [the mortgage provision], as the Complaint [was] sufficient," and a lack of notice could not, therefore, bar the

---

[56] *Wilmington Sav. Fund Soc'y, FSB for Ventures Tr. v. Gillette*, 2017 WL 1191088, at *2 (Del. Super. Mar. 29, 2017), *aff'd*, 245 A.3d 498, 2020 WL 7861341 (Del. Dec. 31, 2020) (ORDER) (quoting *Wilmington Sav. Fund Soc'y, F.S.B. v. Meconi*, 1989 WL 124888, at *4 (Del. Super. Oct. 3, 1989)); *LaSalle Nat'l Bank v. Ingram*, 2006 WL 1679418, at *2 (Del. Super. May 16, 2006) (same).
[57] *See generally* 2011 WL 6000755 (Del. Super. Nov. 1, 2011).
[58] *Id.* at *2.
[59] *Id.*
[60] *Id.* (quoting *Jeffery v. Seven Seventeen Corp.*, 461 A.2d 1009, 1010 (Del. 1983)).
[61] 2017 WL 1191088, at *2.
[62] 2020 WL 7861341.
[63] *Id.* (quoting *Meconi*, 1989 WL 124888, at *4) (internal quotation omitted).

plaintiff's motion for summary judgment.[64]

Here, Sumwabe eventually received the notice of acceleration, which was attached to Plaintiff's motion for summary judgment. Further, Sumwabe was on notice that Plaintiff intended to accelerate the mortgage when she was served the Complaint in this case. To the extent that there is ambiguity about when and how Sumwabe received notice of acceleration, it does not preclude summary judgment.

**D. Failure to notify Sumwabe of the sale or transfer of the Note would not preclude summary judgment because the federal statutes she cites do not provide for that remedy.**

Sumwabe argues, citing various statutes and regulations, that Plaintiff did not adequately notify her when Plaintiff came into possession of the Note.[65] Sumwabe does not identify any authority that such notice is required before a mortgagee forecloses, and the Court has not located any authority supporting her position.[66]

As noted *supra*, Delaware case law recognizes only three defenses to foreclosure: payment of the mortgage money; satisfaction; and plea in avoidance.[67] Defendant's arguments are not relevant to any of the recognized defenses. In *Savage v. U.S. National Bank Association*, the Supreme Court explicitly held that failure to notify the borrower of the Note's assignment does not create a defense to foreclosure.[68]

*Savage* admittedly addressed the state of the law before the federal Truth in Lending Act ("TILA") was amended to require such notices.[69] That amendment,

---

[64] *Id.*

[65] Sumwabe's Objection 3 (citing 15 U.S.C. § 1641(g)); *id.* at 4 (citing 12 C.F.R. § 1024.33).

[66] On the contrary, this Court has recognized that "[t]he transfers and sales of these notes can occur multiple times and without any notice to the debtor-mortgagor." *Toelle*, 2015 WL 5158276, at *3 (collecting cases).

[67] *Shrewsbury*, 160 A.3d at 475 (citation omitted).

[68] 19 A.3d 302, 2011 WL 1878008, at *2 (Del. May 12, 2011) (ORDER) (citing *Gordy*, 310 A.2d at 895–96).

[69] *Id.*

however, does not change the result. Where, as here, the note states that the lender can transfer the instrument without notice, that provision satisfies TILA's notice requirement.[70] Even if there were a genuine dispute that Plaintiff satisfied its notice obligations under TILA (specifically 15 U.S.C. § 1641(g)), it appears that the appropriate remedy would be an *in personem* action for money damages, not forestalling this *in rem* foreclosure action.[71]

In *Mott v. Bank of New York Mellon*,[72] the Supreme Court considered a similar defense argument grounded in the plaintiff's alleged noncompliance with federal lending law. The *Mott* defendants argued that the plaintiff violated the Real Estate Settlements Procedures Act of 1974 ("RESPA"), 15 U.S.C. § 1024.41(g), by moving for summary judgment before the defendants had rejected a final loss mitigation offer.[73] The Court noted that federal law prohibited exactly this sort of action, and that it was unclear from the record below whether the plaintiffs had taken the action complained of.[74] Nonetheless, the Court declined to reverse the Superior Court's award of summary judgment to the plaintiff.[75] The defendants failed to cite any authority for the proposition that a violation of § 1024.41 precluded summary judgment, and, indeed, Section 6(f) of RESPA "authorizes a borrower to recover damages from '[w]hoever fails to comply with any provisions of this section.'"[76] RESPA does not contain any provision permitting courts to halt foreclosure proceedings.[77]

*Mott* is dispositive of Sumwabe's TILA-noncompliance argument. Like

---

[70] *Toelle*, 2015 WL 5158276, at *7.
[71] *See* 15 U.S.C. § 1640(a) (providing for money damages for violations of § 1641); 15 U.S.C. § 1641(d)(2) (limiting money damages).
[72] 2019 WL 4879841.
[73] *Id.* at *4.
[74] *Id.*
[75] *Id.*
[76] *Id.*
[77] *See Biles v. Roby*, 2017 WL 3447910, at *4 (Tenn. Ct. App. Aug. 11, 2017) (collecting cases).

RESPA, 15 U.S.C. § 1640(a) provides only that a violation of §1641 (i.e., a violation of TILA's notice requirement) creates liability for money damages. Applying *Mott*, the implication of this provision is that such damages are the sole remedy Congress intended. Thus, Defendant cannot oppose summary judgment on the grounds that Plaintiff violated TILA, even if this were true.

Defendant similarly objects that Plaintiff has failed to show that it complied with the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(g)(a), and its implementing regulation.[78] Although Plaintiff has produced evidence that it mailed the required notice to Arkoh at the Subject Property, Plaintiff apparently did not mail that notice to Sumwabe. The Court need not determine whether such notice to Sumwabe was required under these facts. Like RESPA, the FDCPA provides only for money damages for violations of § 1692.[79] Once again, following *Mott*, any violation of the FDCPA does not preclude foreclosure.[80]

### E. Plaintiff's alleged failure to provide Sumwabe monthly mortgage statements does not preclude foreclosure because Sumwabe has not presented any evidence that she was not sent such statements.

Sumwabe contends that there is a genuine issue of fact as to whether Plaintiff provided her "monthly mortgage statements with payment instructions."[81] Sumwabe has not identified any authority for the proposition that failure to provide such statements precludes foreclosure. Indeed, it does not appear that any provision of the Note or Mortgage requires monthly statements. To the contrary, the Note requires that Arkoh "pay principal and interest by making a payment every month .

---

[78] Sumwabe's Objection 4.
[79] *See* 15 U.S.C. § 1692k; *see generally, e.g.*, *Richards v. New Rez, LLC*, 2022 WL 657568 (D. Md. Mar. 4, 2022) (resolving a motion to dismiss an FDCPA suit seeking monetary damages).
[80] *Accord Kine*, 2011 WL 6000755, at *1–2 & n.3 (rejecting defendant's argument that failure to provide her FDCPA notice precluded summary judgment, where such notice was in the record, but there was no evidence to whom it was sent, because defendant's argument did not relate to one of the recognized foreclosure defenses).
[81] Sumwabe's Objection, 6.

. . until [he has] paid off all of the principal and interest and any other charges described [later in the Note]," not that he could refuse to do so if not sent periodic statements of the amount due.[82] Such a requirement would serve no discernible purpose, as Arkoh's payment did not vary month-to-month under the terms of the Note.[83] Likewise, as Arkoh was the sole party named on the Note, it is unclear why Sumwabe—not identified as making the monthly payments—would require or benefit from such statements prior to default.

Even if Plaintiff were obligated to provide monthly statements, and even if failure to do so would preclude foreclosure, there is no material dispute of fact here, because Sumwabe has not provided any evidence that such statements were not sent. The only competent evidence on the "monthly statement" issue is a document labeled "monthly mortgage statement" addressed to Arkoh and included in the FDCPA notice mailed to him.[84] Just as a defendant cannot forestall foreclosure by claiming without evidence that she made all required payments,[85] Sumwabe cannot forestall foreclosure by claiming, exclusively through pleadings, that certain notices were not provided to her.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is **GRANTED.**

**IT IS SO ORDERED.**

---

[82] Compl. Ex. G, ¶ 3.

[83] *Id.*

[84] Pl.'s Mot. for Summ. J. Ex. F (D.I. 24).

[85] *Brooks v. BAC Home Loans Servicing, LP*, 53 A.3d 301, 2012 WL 3637238, at *2 (Del. Aug. 23, 2012) (ORDER) ("[W]e find no error in the Superior Court's grant of summary judgment to [plaintiff] because [defendant] presented no genuine issue of material fact. While [defendant] initially denied [plaintiff's] assertion that she had failed to make timely mortgage payments, such a denial does not raise a genuine issue of material fact because Brooks did not substantiate her denial with any evidence establishing that she had timely made the required payments." (internal citations omitted)).

Noel Eason Primos, Judge

NEP/tls

*Via File & ServeXpress and U.S. Mail*

oc:    Prothonotary

cc:    Counsel of Record *(Via File & ServeXpress)*
       Ransford Arkoh *(Via U.S. Mail)*